### George Thurst v. William H. West.

Where it is alleged in the complaint that the action is brought to recover for taking away plaintiff's horse, detaining him for a limited time, and injuring him, a judgment following such complaint does not have the effect of changing the property in such horse.

If the action had been in the nature of trespass or trover for the horse, a recovery and satisfaction would have changed the title.

The minutes of testimony taken by the justice on the trial before him may be read in evidence, to determine whether the scope of the issue being tried before him was changed by the evidence, for the purpose of determining the subject matter of the litigation.

The action was brought to recover possession of a certain horse from the defendant. The facts were as follows: One Kellerhouse, who was a constable, by direction of the plaintiff seized the horse in question, by virtue of an execution in the plaintiff's favor, against Joseph West. The constable was indemnified for the taking by the plaintiff. After keeping the horse a short time, he was delivered to one George Wright, who became receiptor to the constable for the same. The defendant thereupon brought an action against the plaintiff, Kellerhouse the constable, and one Davis, before a justice of the peace, of the town of Red Hook, for the taking of the horse. The complaint before the justice alleged that "the said defendant unlawfully broke and entered the close and possession of the said plaintiff, situated in the town of Milan, and then and there, wrongfully and unlawfully, took and carried away a certain sorrel stud horse of the said plaintiff, and kept and detained him, to the great injury of the said plaintiff, whereby the said horse was greatly injured, and the said plaintiff lost the services of said horse, and other injuries to the said plaintiff, thereby then and there did to the great damage of the said plaintiff, and the plaintiff demands judgment for $100, besides costs of this action." The constable, Kellerhouse, answered by a general denial, and the plaintiff justified the taking under his judgment, and execution against Joseph West.

The plaintiff in that action recovered a judgment for

$102.84, damages and costs, against the plaintiff and Keller-
house. The plaintiff in this action thereupon paid the
judgment. The horse was not sold on the execution. It
appears from the evidence that, at the time of the trial, the
horse was in the possession of the defendant, but it does not
appear how, or when he came to the possession, nor whether
it was then known to the defendants in that action that the
horse was not in the possession of the receiptor. There was no
evidence before the justice as to the value of the horse, except
the price which the defendant paid for him when he bought
him, which was $100, and which evidence was received
without objection; and there was no evidence whatever that
any injury had been done to the horse, so far as appears upon
this trial. It was shown by one witness upon this trial that
the horse was worth $250, and there was no other evidence as
to value. The plaintiff, in order to make out his title to the
horse, offered in evidence the justice's docket, containing
the judgment and also the pleadings in the action before
the justice. To this the defendant's counsel objected, on the
ground that said judgment and pleadings were not between
the identical parties to this action. The court overruled the
objection, and the defendant's counsel excepted.

The testimony taken on the trial before the justice was
also read in evidence, from the minutes kept by him. After
the payment of the judgment before the justice, and before
the commencement of this action, the plaintiff caused the
horse to be demanded of the defendant, who refused to deliver
him, claiming that he still owned him. At the close of the
plaintiff's evidence, the defendant, by his counsel, moved for
a nonsuit on several grounds, and amongst others, that the
recovery of the judgment before the justice, and payment
thereof, did not change the title to the horse, and that it
should be determined as matter of law that the recovery
before the justice was for damages merely, and not for the
value of the property; also, on the ground that if the title to
the property was changed, the plaintiff could not maintain
the action in his own name, but should have joined the con-
stable with him as plaintiff. The judge refused the nonsuit,

and the defendant's counsel excepted. The motion was again renewed at the close of the evidence in the case, and again refused, and a like exception taken.

The judge then submitted the question to the jury to determine whether, from the pleadings and the evidence in the action before the justice, the defendant intended to recover, and did in fact recover the value of the horse, and instructed them that if they found in the affirmative on that question, the plaintiff was entitled to recover. To this charge the defendant, by his counsel, in due form excepted. The jury found in favor of the plaintiff, and assessed the value of the horse at $100. Upon this verdict judgment was entered in favor of the plaintiff for a return of the property, or a recovery of the value in case a return could not be had, with costs of the action. From this judgment the defendant appealed to the General Term in the second district, where the judgment was affirmed, and he now brings his appeal to this court.

*J. H. Reynolds*, for the appellant.

*John K. Porter*, for the respondent.

DENIO, Ch. J. Though the complaint in the action in the justice's court was somewhat vague and equivocal, the fair construction of it, I think, was that the defendant had taken away the plaintiff's horse and detained him for a limited time, and had injured him: The statement that he had been injured, and that the plaintiff had lost his services, would have been unnecessary and incongruous in an ordinary action of trespass or trover for a horse. I conclude, therefore, that a judgment following that complaint, if there had been no departure from the cause of action set out in it, would not have had the effect to change the property in the animal, and that the present action could not have been maintained.

But I am inclined to the opinion that, without a formal amendment, the scope of the action may have been so changed by the course of the trial and the kind of evidence admitted, that it may be affirmed that a recovery was event-

ually had for a simple taking of the horse, as in an action of trespass or trover.   The statutes relating to courts of justices of the peace, contain these provisions: "Pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended.  (Code, § 64, subd. 5.)   "A variance between the proof on the trial and the allegations in a pleading shall be disregarded as immaterial, unless the court shall be satisfied that the adverse party has been misled to his prejudice thereby." (Id., subd. 10.)   "Whenever issue shall have been joined in a suit before a justice, if no jury shall have been demanded by either party, the justice shall proceed to try such issue, to hear the proofs and allegations of the parties, and to determine the same according to law and equity, as the very right of the case may appear." (2 R. S., 242, § 91.) Supposing it to have appeared, on the trial of this action before the justice, that the defendant had wrongfully taken the plaintiff's horse, and nothing had appeared to show that the plaintiff had repossessed himself of the property, or it had been shown that the defendant had converted him to his own use, and the justice, disregarding the language of the complaint, had given judgment for the value of the horse as for a taking by trespass or a conversion, the judgment would not have been void; and if no objection, raising a question of variance, had been taken, perhaps it would not have been erroneous.   It would have been a recovery for the trespass or conversion, and would have changed the property in the horse.   There was some reason to suppose this may have been so, from the amount of the recovery, which was the same amount which the plaintiff in that action had paid for the animal.   This, I concede, would not have been enough for the purposes of the present plaintiff; for the assessment of an excessive amount of damages in an action for an injury to the property would not have changed the legal character of the recovery.   But the defendant, in the present case, was permitted to, and did give in evidence, the minutes of the testimony in the action before the justice.   They are not set forth in the case in this action,

and we cannot say how far they did or did not warrant the allegation that the scope of the action had been changed by the evidence taken before the justice. It was, indeed, proved on the trial of the present action, that the plaintiff, in the justice's court, had the horse in his own possession when that action was tried. But we do not know that the case was so presented by the evidence before the magistrate. The wrongful taking may have been proved, and nothing else. I am of opinion that the minutes of the testimony were properly received. When they had been read in evidence and the facts as to what took place to change the scope of the issue were clearly ascertained, it was no doubt a question of law whether the recovery was for the value of the property or for damages for injuring it; but the history of the trial and the nature of the evidence given were matters of fact. The proper course was for the judge to leave the case to the jury, with proper instructions as to the effect of a departure from the complaint in making out a case upon the evidence. We are to presume that the proper instructions were given.

When the motion for a nonsuit was made, in the case we are reviewing, the minutes of testimony had not been given in evidence. The case then stood upon the pleadings and the judgment in the action before the justice, and if I am right as to the meaning of the complaint, the plaintiff should have been nonsuited. But a different case was presented when those minutes had been received, and if they were to the effect which I have suggested, and the jury have found that they were, the error was cured.

The circumstance that another person was sued with the present plaintiff, in the action before the justice, was not, under the circumstances, material. The plaintiff was the party for whose benefit and at whose instance the seizure, which was the foundation of the action, was made. The officer is to be considered his servant. As the process did not warrant the seizure, his official character was of no importance. In such a case, if the servant were sued alone, I think the property would, by force of the judgment, have

vested in the party by whose command and for whose benefit the trespass was committed.

The appeal from the justice's judgment was abandoned. The notice of the discontinuance of the appeal, and the bringing of this action, grounded on the effect of the judgment, was a sufficient waiver of the appeal.

I am in favor of affirmance.

JOHNSON, J.   The pleadings and judgment before the justice were competent evidence for the plaintiff.   It was no objection that the judgment before the justice was against the plaintiff and the constable.   The constable, as appears by the evidence, was acting for the plaintiff, and was indemnified by him.   The plaintiff was therefore the principal in the transaction, and the constable his agent, having no interest in the matter, other than his right to be made whole in case of loss.   By the payment of the judgment, all his interest in the matter was extinguished, and whatever right or title was derived from the payment, inured wholly to the principal, by whom it was made.   This is so upon the plainest principles.   If the recovery, therefore, before the justice was for the value of the horse, payment and satisfaction of the judgment would change the title to the animal, and vest it in the plaintiff.   The title in such a case is transferred by operation of law. (2 Kent Com., 387, 388 ; Osterhout v. Roberts, 8 Cow., 43.)

Whether the defendant, in his action before the justice, claimed and actually recovered the value of the horse, as the value was there made to appear by the evidence, was most certainly a question of fact.   It cannot be affirmed that a claim and judgment of that description, were a legal impossibility under the pleadings.   On the contrary, I entertain no doubt that the declaration would uphold such a judgment in a justice's court.   Certainly, if the question was litigated, such a judgment would be final and conclusive upon the parties.   It is certainly not very clear from the complaint what the real ground of the action was.   The justice entered it in his docket as a complaint "in an action of trespass. for wrongfully and unlawfully taking and lead-

ing away and detaining plaintiff's horse." The taking and detention having been justified by the answer to have been by virtue of a judgment and execution against another person, the defendant's title to the animal was of course in issue, and a proper subject of litigation under the pleadings. It is claimed, however, on the part of the appellant, that it is made entirely certain by the pleadings before the justice, and the evidence as to what took place on that trial, that the questions of conversion and of the value of the property were not litigated before, or passed upon by the justice, and that the court should have so held, as matter of law, and nonsuited the plaintiff, instead of submitting it to the jury to be determined as a question of fact. But I am of the opinion that it was a proper case to submit to a jury. The fact that the defendant had the horse in his possession at the time of the trial before the justice, was not of itself a fact of any great weight, one way or the other. It does not appear that he had the horse in his possession when he commenced his action before the justice, nor how he came to the possession he had at the time of the trial. The presumption, I think, from the other evidence is, that he had taken him from the receiptor, and held him subject to the execution until its validity could be tested. Besides, it does not appear that the fact of the defendant's possession at the time · was known to the plaintiff, or was the subject of inquiry or evidence at the trial. The constable had, a few days before, very properly delivered the animal to a receiptor, and the inference would be, in the absence of all evidence to the contrary, that the defendant was then holding it for the receiptor, and subject to his obligation to deliver it up to the constable. There was no evidence before the justice of a return of the property to the defendant, as owner, in mitigation of damages or otherwise. There seems to have been no evidence before the justice that the horse had been in any way injured by the plaintiff or the constable, but, on the contrary, it appears by the evidence on this trial that he had not been injured in any respect. It was only a few days after the horse was seized upon the execution, before the

action was commenced before the justice, as appears from the complaint before the justice, and as there was nothing in the evidence upon that trial, so far as we can now see, to show that the horse had been injured, or that the defendant had sustained any special damage by the seizure and temporary detention, the question was fairly presented at the circuit, as to the nature of the claim on which the large judgment of the justice was founded.

The appellant's counsel insists that there was no evidence given before the justice in respect to the value of the horse, upon which any judgment for such value could have been predicated, and that inasmuch as the value of the horse upon this trial is shown, without dispute, to have been $250, it is put beyond all doubt that the judgment before the justice, was not for the value. But the case is not so clear as this in respect either to the fact or the inference. The case only shows that all the evidence there was before the justice as to the value of the horse, was the price paid for him by the defendant, which was $100, and that this evidence as to value, was there received without objection.

This evidence, had it been objected to when offered, would probably have been ruled out, as incompetent on the question of value. But as it was given without objection, it was some evidence upon the question, which might be referred to by the justice and acted upon in the absence of any other. It is of no consequence whatever, to the question before us, whether the actual value was $100 or $250. If the defendant recovered the value as it was made to appear on that trial, he cannot keep both the horse and the amount of the judgment. To my mind, the weight of the evidence seems to be decidedly in favor of the plaintiff's claim, that the judgment before the justice was for the value of the horse. But whether it is so or not, it was clearly a proper question to be submitted to the jury. The judge at the circuit was right, therefore, in refusing to nonsuit the plaintiff, and the charge to the jury was correct in point of law.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.