# Baker v. Troy Compress Co.

### Action of Trover.

1. *General affirmative charge improper when evidence is circumstantial.*—Where the evidence adduced on a trial of a case is circumstantial, the general affirmative charge cannot be given for either party.

2. *Action of trover; can be maintained by the owner or bailee.*—An action of trover can be maintained either by the owner or bailee of the property alleged to have been converted, and, therefore, when the subject matter of the suit is property which was deposited in plaintiff's warehouse, it is immaterial, as to the plaintiff's maintenance of the suit, whether he had become the purchaser of the property, or was the bailee of its owner.

3. *Warehouseman; not necessary that his receipt should be indorsed to him in order to pass title.*—Where a warehouseman has given a receipt for a bale of cotton which is stored in his warehouse, and he afterwards buys it, it is not necessary that such receipt should be indorsed to him, in order to pass the title to the cotton.

4. *Action of trover by warehouseman; evidence of business custom admissible.*—In an action of trover by a warehouseman against a compress company, for the alleged conversion of cotton which had been delivered by the plaintiff to the defendant, evidence of a business system prevailing between the parties in reference to the delivery of

cotton out of the warehouse to the compress, is admissible to explain the acts of the parties' agents in the matter of the delivery of the cotton in controversy.

5. *Warehouse receipts admissible in evidence.*—In an action of trover by a warehouseman against a compress company for the conversion of cotton, plaintiff's receipt for the cotton which was stored in his warehouse, and which he testifies he afterwards bought, is admissible in evidence as a muniment of his title.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

This was an action of trover brought by the appellant, E. A. Baker, against the appellee, the Troy Compress Company, to recover damages for the alleged conversion by defendant of a bale of cotton.

The evidence for the plaintiff tended to show that he was the proprietor of the Southern Warehouse in the city of Troy, Alabama, in the fall of 1893; that the bale of cotton was brought to said warehouse for which a receipt was given; and that after giving this receipt, the plaintiff purchased this bale of cotton, and took the receipt therefor, and that this cotton was marked "P. 36," which was on the head of the bale, and it was marked with a shipping mark "E. U. F." The evidence for the plaintiff further tended to show that this bale of cotton, thus marked, was shipped out of the warehouse to the compress of the defendant; that he gave a compress receipt to the drayman who hauled the cotton, and that upon his return, the drayman handed the receipt back to him, signed and punched by the agent of the defendant; and that the said bale of cotton was shipped out of the warehouse together with several other bales. One of the witnesses testified that he was employed by the defendant company at its compress during the fall of 1892; that his business was to receive cotton; and upon witness being shown the receipt given by the defendant company, which was held by the plaintiff, reciting that the defendant had received from the plaintiff two bales of cotton marked "E. U. F.," the witness testified that he signed said receipt while receiving cotton at the compress, and that each hole punched in the receipt indicated that one bale of cotton had been received.

The bill of exceptions recites that "the plaintiff [as a witness] offered to testify as to what was the custom of

[Baker v. Troy Compress Co.]

cotton brokers and warehousemen in Troy, as to shipping and checking up the cotton the brokers shipped from the warehouses. The defendant objected to this evidence, the court sustained the objection, and the defendant duly and legally excepted." The plaintiff testified that one of the cotton broker's agents had checked up for the lot of cotton shipped as above referred to, and he, the plaintiff, had the compress receipts left over; that after said bale of cotton had been shipped, he went to the compress and looked for it, but could not find it; that he demanded it of the superintendent of the defendant's compress, who told him that he did not have and never had been in possession of the bale of cotton in controversy. Thereupon the plaintiff offered in evidence the warehouse receipt and the compress receipt above referred to; but the defendant objected to the introduction of each of these receipts in evidence. The court sustained each of the objections, and the plaintiff separately excepted.

Upon the introduction of all the evidence the court, at the request of the defendant in writing, gave the general affirmative charge in its behalf, and refused to give a similar charge requested by the plaintiff in his behalf. To each of these rulings the plaintiff separately excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court to which exceptions were reserved.

D. A. BAKER, for appellant.—"The true and appropriate office of a usage or custom is, to interpret the otherwise indeterminate intention of the parties," &c., "and acts of a doubtful or equivocal character."—*M. & E. R. R. Co. v. Kolb*, 73 Ala. 396.

The warehouse receipt should have been admitted as evidence, which would have shown, not only title, but that plaintiff was at least a bailee for hire, and had such an interest in the cotton, as would justify this action and a recovery on it.—*Booker v. Jones*, 55 Ala. 266.

R. L. HARMON, *contra*.

HEAD, J.—The evidence was sufficient to require the

27

.case to go to the jury to determine whether or not the particular bale of cotton claimed by plaintiff was, by mistake, delivered out of plaintiff's warehouse to the defendant, and by it wrongfully converted. The evidence was circumstantial, and the general charge could not have been properly given for either party.

If there was such a conversion by defendant, the plaintiff was not then the owner of the bale of cotton, he was at least a bailee of the owner and entitled to maintain the action by reason thereof. The cotton being in his possession (if such was the fact) the indorsement of the warehouse receipt was immaterial, whether, at the time of the conversion, he was owner, by virtue of the alleged purchase, or bailee merely. It was not necessary for him to have his own receipt indorsed to him on a purchase by him of the cotton, in order to pass to him the title.

We think it was permissible to plaintiff to show the prevailing business system between his warehouse and the compress company, in reference to the delivery of cotton out of the warehouse to the compress, in so far as it shed light on, or explained, the acts of plaintiff's and defendant's agents and servants, disclosed by the evidence, in the matter of delivery *vel non* of the particular bale of cotton in controversy. Some of that character of evidence was admitted without objection. The offer, however, to prove what the custom of the cotton brokers and warehousemen was as to shipping and checking up for the cotton that the brokers shipped from the warehouse is stated too generally in the bill of exceptions to enable us to say whether it would have elicited competent testimony or not. We do not know, from such a statement, what facts the plaintiff proposed to prove, and the court committed no error in sustaining the objection.

The warehouse receipt was competent, in connection with plaintiff's evidence, as a muniment of his alleged title to the cotton, and ought to have been admitted.

Reversed and remanded.