# Carter *v.* Fischer.

*Action of Assumpsit.*

1. *Confession of plea in abatement as to misnomer; when complaint will be presumed to have been amended.*—Where in a civil action the plaintiff confesses a plea in abatement as to the misnomer of the pla'ntiff and after such confession and leave granted to amend the complaint, the cause is proceeded with and subsequent pleadings on both sides are conducted without objection to the plaintiff's name as it had been printed in the plea in abatement, the defendant will be held to have waived any irregularity on the part of the plaintiff in failing to actually amend the complaint, and to have consented to treat the complaint as amended.

2. *Husband and wife; coverture personal defense.*—Coverture is a personal defense which can only be interposed by the wife or her personal representative; and, therefore, in a suit in which a married woman seeks to enforce rights which she acquired by virtue of a contract entered into by her and the defendant, the defendant can not set up her coverture as a defense to the enforcement of such rights.

3. *Statute of limitations; three year's bar to an action on account.* A recovery on a stated account is barred by the lapse of six years; and, therefore, a plea to an action on a stated account, setting up the statute of limitations of three years, presents no defense and is demurrable.

4. *Action on an account; introduction in evidence of account sued on by defendant waives objection against admissibility.* When an action is brought to recover on an account and for goods, wares and merchandise sold to the defendant, where to a deposition introduced by the defendant there is attached an itemized statement of the account, which is the foundation of the suit, which deposition and account are introduced in evidence, the defendant thereby waives objection to the introduction of said account when offered by the plaintiff.

5. *Same; admissibility of evidence.*—In an action on an account, where there is an issue as to waether or not the defendant agreed to pay for the goods purchased, and which were charged against him, and there is evidence on the part of the plaintiff tending to show that tue defendant had made a payment on said account by means of a check, while the evidence for the defendant tended to show that said check was delivered to the plaintiff as a loan and not as a payment on said account, the entry made by the defendant on the stub of the check which was so delivered to the plaintiff, as showing the purpose for which it was given, is not admissible in evidence; and, therefore, the stub showing such entry is properly excluded from evidence.

6. *Action on an account; when some of the items are for whiskey sold by plaintiff.*—In an action on an account, where some of the items of the account, which was introduced in evidence, besides groceries and other goods, included charges for whiskey, but it is not shown on the face of the account that at any time the quantity of whiskey sold was less than one quart, and there is no uncontradicted and direct evidence on the part of the defendant showing that any of the items were for less quantity of whiskey than a quart, the defendant is not entitled to the general affirmative charge, although there was no license introduced showing plaintiff's authority to retail liquor at the date of the several items of the account; the conclusion that the whiskey in question was sold in quantities less than one quart resting alone in inferences.

7. *Same; charge to the jury.*—In an action on an account, where it is shown that for some of the items in the itemized account, which were introduced in evidence, the defendant did not deny his indebtedness, and that as to such items the plaintiff was entitled to a recovery, a charge is erroneous and properly refused which instructs the jury "if the evidence in its weight is equally balanced in favor of the plaintiff and the defendant, or if the weight of the evidence preponderates in favor of the defendant, then it is the duty of the jury to find a verdict in favor of the defendant."

8. *Same; same.*—In an action on an account, where some of the items of the itemized account, which were introduced in evidence, were admitted to be correct charges, and as to the others it was claimed that they were improper charges, and the plaintiff was not entitled to recover as to them, a charge is erroneous and properly refused which instructs the jury that "the *onus* is on the plaintiff, and if the jury find from the evidence that the account produced by her contains both proper and improper charges, she must furnish the evidence

necessary to distinguish and separate them, or she can not recover at all."

9. *Statute of frauds; must be specially pleaded.*—The defense of the statute of frauds, to be available, must be specially pleaded.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellee against the appellant, on October 1st, 1898. The complaint contained three counts. The first was a common count, claiming $131.20 due from defendant by account on June 27th, 1898. The second was on an account stated on June 27th, 1898; and the third was for goods, wares and merchandise sold by the plaintiff to the defendant on June 27, 1898. In the title to the complaint the plaintiff was described as "M. Fischer." The defendant pleaded in abatement that the plaintiff's name was Maggie and not "M." Thereupon the plaintiff confessed the plea in abatement, and it was ordered that the complaint be allowed to be amended by making the name of the plaintiff "Maggie Fischer." The record does not show that there was any actual amendment of the complaint, but the defendant proceeded without objection to file his pleas in bar, which as originally filed were five in number.

The first and second pleas were the general issue. By the third plea as an answer to each count of the complaint separately, "and as to each item of the stated account which accrued prior to February 18, 1898, the defendant alleged that the plaintiff was then a married woman living with her husband. The fourth and fifth pleas set up, respectively the statute of limitations of three and six years. To the third plea, the defendant demurred upon the ground that the defense of coverture was a personal defense which could only be interposed by a married woman or her personal representative, and that the defendant was estopped from setting up coverture as a defense to the action. To the fourth plea, as an answer to the second and third counts of the complaint, the plaintiff demurred upon the ground that the cause of action stated therein was not

barred by the statute of limitations of three years. These demurrers were sustained. Thereupon the defendant filed additional pleas numbered 6, 7, 8, and 9, in each of which he set up the statute of limitations of three and six years. The defendant also filed the following special pleas:

"10. For further plea in this behalf to each count of the complaint, separately, and as to each item of said counts separately as accrued before February 18, 1898, the defendant says that the plaintiff was then a married woman and living with her husband; and that said plaintiff at the time carried on the business of a grocer and liquor dealer and dealer in all kinds of feed in the city of Mobile, and State of Alabama, and that the said husband took part in the management of said business. And the defendant further says that each of the said items composing said account which accrued before February 18, 1898, was for groceries, liquors and other property forming part of the stock in trade of said business, and was sold by the plaintiff in the usual course of business.

"11. For further plea in this behalf to each count of the complaint, separately, and as to each item of each of said counts, separately, as accrued before February 18, 1898, the defendant says that the plaintiff was then a married woman and living with her husband; and that the said plaintiff at the time carried on the business of a grocery and liquor dealer and dealer in all kinds of feed, in the city of Mobile, and State of Alabama; and that her husband took part in the management of said business. And defendant further says that each of said items composing said account, and which accrued before February 18, 1898, were for groceries, liquors and other property forming a part of the stock in trade of said business, and were sold by plaintiff in the usual course of business; and defendant says that at the time plaintiff was so carrying on said business, before February 18, 1898, the consent of the husband was not expressed in writing and was not filed and recorded in the office of the probate judge of Mobile county; and the defendant says further that the legal title to each of the items of property was vested

in the husband of plaintiff as her trustee, and not in the plaintiff. And defendant further says as to the sale of each of said items, the sale at law was not that of the plaintiff, but that the sales were sales of the husband of the plaintiff, and that the legal right to demand payment for the same is in said husband as plaintiff's trustee, and not in the plaintiff."

The defendant demurred to the tenth special plea upon the following grounds: First. The defense of coverture is a personal defense which can be interposed only by a married woman or her personal representative; and that the defendant was estopped from setting up her coverture as a defense to this action. Second, that it fails to allege that the plaintiff did not have the assent and concurrence of her husband, expressed in writing in making the contract sued on; and did not, with the consent of the husband expressed in writing and filed in the office of the judge of probate, enter into and pursue the business set out in said plea. The plaintiff moved the court to strike out the eleventh plea, because it contained no defensive matter, in that in a suit by a married woman on a contract entered into with her, the other party thereto is estopped from setting up her coverture as a defense to such action. The court sustained the demurrer to the tenth and the motion to strike the eleventh pleas.

On the trial of the cause, the plaintiff introduced evidence tending to show that she was a married woman during all the time the items sued upon accrued; that her place of business was in Mobile, and that she conducted a retail grocery with a bar room connected therewith; that the bar room was managed by her husband as her agent, and that the license for running the liquor business had been paid for the years 1897 and 1898, and were in the name of her husband.

The plaintiff's husband, as a witness, testified that the account sued on was for goods sold by the plaintiff to one McGilvray; that the goods were so sold and delivered to said McGilvray on the credit of the defendant; that the defendant told plaintiff's husband to let McGilvray have the goods and to charge them to him;

that no agreement or contract between the plaintiff
and the defendant had been reduced to writing, but
that upon the request of the defendant the items were
sold to McGilvray and charged to the defendant. The
plaintiff's husband further testified that they com-
menced to let McGilvray have the goods under such an
arrangement with the defendant, during the month of
September, 1897; that from that time up to January 1,
1898, his account amounted to $68; that the plaintiff
refused to sell more goods to McGilvray until a pay-
ment was made on the account; that upon the presen-
tation of the account to the defendant he paid to the
plaintiff $50 by a check on the People's Bank of Mobile;
that this payment was credited on the account against
the defendant. This witness further testified that
about the 1st of February, 1898, the defendant again
told the plaintiff's husband to let McGilvray have
the goods and merchandise and that he would pay for
them on July 1st; that subsequent to that time the
defendant sent several orders to the plaintiff's place of
business with his name signed to them, which orders
requested that the plaintiff would let the bearer, who
was McGilvray, have certain quantities of goods; that
these orders were destroyed; and that the last item
purchased by McGilvray was in June, 1898, and that
the amount of the bill at that time was $141.80, after
allowing the credit of $50 paid by the defendant.

Upon the cross examination of this witness, he testi-
fied that Fields, who was a partner of the defendant in
the pickery business, came to him in April or May and
asked him for the repayment of the $50 evidenced by
the check sent by the defendant in January, but that
he told him that he was unable to repay the defendant
"because his money was tied up in logs, and also that
he had given the defendant credit for this in his ac-
count." The plaintiff introduced further evidence
tending to show that when the defendant came to the
plaintiff's husband and asked for the $50 back, he was
told that he had been given credit therefor on his ac-

count due the plaintiff. The plaintiff offered in evidence an itemized account sued on. This account was made out against "Mr. C. Carter," and it contained many items for groceries and other goods sold, and also included charges for whiskey, the items of which ranged from five cents to two dollars. The account showed that there was due the plaintiff $131.80. The defendant objected to said itemized account as being irrelevant and immaterial. The court overruled the objection and the plaintiff duly excepted. The account which was offered and introduced in evidence was the one which was attached to the deposition of the plaintiff, which was taken in answer to interrogatories propounded to her by the defendant. This deposition of the plaintiff, with the itemized account attached thereto, was subsequently introduced in evidence.

McGilvray as a witness testified that upon the plaintiff's husband asking for money on account of the articles of merchandise which had been purchased by him, he gave the plaintiff's husband a draft on the defendant. This witness further testified on cross examination that an itemized account, like the one introduced in evidence, had been handed to him, but that he had destroyed it; that upon the request of the plaintiff's husband he had given him a note for $100 in part payment of his account, which note was dated March 26, 1898, and payable four months after date; that this note was drawn up by Mr. Fields, who was the representative of the defendant.

The plaintiff introduced in evidence the license for 1898, which was duly issued to C. Fischer, the plaintiff's husband, authorizing him to do business during said year as a retail liquor dealer at the same place where plaintiff's store was situated. The defendant objected to the introduction in evidence of this license. The objection was sustained and the license excluded.

The testimony of Fields, as a witness in behalf of the defendant, tended to show that the defendant loaned the $50 to the plaintiff, which was referred to in the testimony of the plaintiff's husband, and that it was not intended by the defendant to be paid on the account in question.

[Carter v. Fischer.]

On the cross examination of the defendant, he testified that in making out the defendant's account against McGilvray, the $50 to the plaintiff was charged on said account to McGilvray. This account, kept by the defendant against McGilvray, was subsequently introduced in evidence, and showed that the $50 was charged as a debt against McGilvray in an item as follows: "June 27, '98. To amount assumed at Fischer's, $50." The defendant introduced in evidence the note given by A. McGilvray to M. Fischer for $100.

The defendant as a witness in his own behalf testified that he did not authorize any one to purchase any goods for him, and charge them to his account; that he did not agree with the plaintiff's husband that plaintiff should let McGilvray have the articles sold by them, and that he, the defendant, would be responsible therefor. The defendant further testified that he had at different times bought whiskey for the plaintiff at the plaintiff's place of business, for the purpose of treating his hands.

There was no evidence introduced by the defendant as to the quantity of whiskey sold to McGilvray as represented by the different items charged on the account as whiskey. The defendant further testified as a witness in his own behalf, that the $50 which was paid was a loan made to C. Fischer, and as tending to corroborate this evidence he offered to introduce in evidence the stub of his check book which showed that on Jan. 3, 1898, there was drawn a check for $50 in favor of C. Fischer, and on this stub there was the word "borrowed." This stub was attached to the defendant's deposition; said deposition being used by reason of defendant being unable to attend court. The plaintiff objected to the introduction in evidence of the stub, because it was immaterial and irrelevant. The court sustained the plaintiff's objection, excluded said stub from evidence, and permitted the plaintiff's counsel to detach said stub from the deposition. To this action of the court the defendant duly excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the

court's refusal to give each of them as asked: (1.) "The court charges the jury that if they believe the evidence they must find a verdict for the defendant." (2.) "The court charges the jury that if they believe the evidence they can not find a verdict for the plaintiff for any item of the statement of account furnished by the plaintiff which accrued before February 18, 1898." (.4) "If the evidence, in its weight, is equally balanced in favor of the plaintiff and the defendant, or if the weight of evidence preponderates in favor of the defendant, then it is the duty of the jury to find a verdict in favor of the defendant." (6.) "The court charges the jury that the *onus* is on the plaintiff, and if the jury find from the evidence that the account produced by her contains both proper and improper charges, she must furnish the evidence necessary to distinguish and separate them, or she can not recover at all." (7.) "If the jury find from the evidence that the defendant did promise to pay for the goods furnished to McGilvray, if the jury further find from the evidence that the promise was not in writing, and was not based upon a consideration expressed in such writing, then the jury can not find for the plaintiff for any items of goods so furnished said McGilvray."

There were verdict and judgment for the plaintiff, fixing the amount of her recovery at $137.30. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

FRED'K. G. BROMBERG, for appellant.—The Code provides in what manner a married woman could carry on business, as was being done by the appellee in this case.—Code, 1886, § 2350. The way pointed out in this section of the said Code was the only way in which the appellee could carry on business as she was carrying it on, and any other way was absolutely void at law as to her; and the business, although carried on in her name, was not her business, but simply her husband's. At law it was the husband masking under the name of his wife. The sales made in the course of the business were her husband's sales, not her sales; and the husband in

making these sales, being the trustee at law for his wife, contracted for his own account and not for her account, and the contract was his contract and not her contract, and the right to sue upon the contract is his right, and not hers.—2 Kent's Com. (11 ed.) 100, note 1, 107-151; Tiffany Domestic Relations, 107, 111; *Cook v. Meyer,* 73 Ala. 580; *Pepper v. Lee,* 53 Ala. 33. Coverture can be pleaded against a married woman.—*Friend v. Oliver,* 27 Ala. 532; *Crockett v. Lide,* 74 Ala. 301; *McCall v. Jones,* 72 Ala. 368. When a *feme covert* sues alone, having no legal right of action whatever, she will be non-suited.—*James v. Stewart,* 9 Ala. 856. Except as modified by the statute, the common law disabilities of married women, disabling them from making contracts cognizable at law, continued until the Code of 1896 went into effect.—*McAnally v. Ala. Insane Hospital,* 109 Ala. 113.

The motion to strike out the eleventh plea should not have been granted. The appellee should have been put to her demurrer. The plea was not prolix, irrelevant or frivolous.—Code, 1896, § 3286; *McAnally v. Hawkins Lumber Co.,* 109 Ala. 400; *Powell v. Crawford,* 110 Ala. 294.

The court erred in overruling the appellant's objection to the itemized account annexed to the appellee's answer to defendant's inerrogatories propounded to her, and in admitting said itemized account in evidence; especially was this the case, seeing that it was offered not upon the direct examination of the appellee's husband, who was her agent, but upon the redirect examination, when there had been nothing in the cross examination to justify it. In any case, such an account as this one was, as shown by the appellee's said answer to said interrogatories, is not evidence for any purpose whatsoever.—*Nelms v. Steiner,* 113 Ala. 573; *Grant v. Cole,* 8 Ala. 521. A statement such as this itemized account is can only be introduced not as evidence of the correctness of the account, but only to aid the jury in recollecting the witness' testimony as to what the correct items of the account were in a case where the witness has testified from independent recollection to the correctness of each item of the memorandum.—*Foster*

[Carter v. Fischer.]

*v. Smith,* 104 Ala. 252; *Hirschfelder v. Levy,* 69 Ala. 351.

It was error to sustain the appellee's objection to the check stub offered in evidence by the appellant, and to exclude the same from evidence. The evidence of the appellant showed that the stub was written at the same time that the check was, and that the check was the form in which the fifty dollars were given to appellee's husband. Such a memorandum as this is, made contemporaneous with the transaction, is proper evidence to be read to the jury. —*Mims v. Sturdevant,* 36 Ala. 641; *Torrey v. Burney,* 113 Ala. 505; 1 Wharton's Evidence, § 520.

JOHN E. MITCHELL and HENRY TONSMEIRE, *contra.* The demurrers of the plaintiffs to the defendant's pleas were properly sustained.—*Scarbrough v. Borders,* 115 Ala. 440; *Marion v. Regenstein,* 98 Ala. 478; *Moore v. Price,* 116 Ala. 249.

The plaintiff's evidence tended to show that each item of the said account, separately, was correct. It was also admitted that the account was a true copy of the original entries in plaintiff's shop books; and the production of the original books were waived by defendant. These facts, we submit, rendered the account legal evidence under the rulings of this court in *Bolling v. Fannin,* 97 Ala. 620; *Battles v. Tallman,* 96 Ala. 403; *Acklen v. Hickman,* 63 Ala. 498; *McDonald v. Carnes,* 90 Ala. 148.

SHARPE, J.—After confession of the plea in abatement and leave obtained to amend the complaint, without further objection the cause was proceeded with and subsequent pleadings on both sides were conducted, in the plaintiff's name as it had been furnished in the plea. By so proceeding without requiring the plaintiff to actually amend, the defendant will be held to have waived the irregularity, and to have consented to treat the complaint as amended to conform to his plea.

Pleas 3, 10 and 11 are each bad. A married woman's contractual incapacity as it existed under the Code of

1886 was intended for her protection, and other dealings with her could take no advantage from it. Her contracts were not void and were voidable only at her election, and until so avoided were binding on the other party.—*Scarbrough v. Borders*, 115 Ala. 440; *Marion v. Regenstcin*, 98 Ala. 478; *Moore v. Price*, 116 Ala. 249.

The same principles apply though the plaintiff conducted a business without her husband's written consent as averred in plea 11. There was no law prohibiting her from so conducting business without such consent, or avoiding the obligation of others to pay for goods bought of her other than liquors. Plea 11 was so far without merit that it may be classed as frivolous, and it was, therefore, within the court's discretion to allow it stricken out instead of putting the plaintiff to her demurrer.

Plea 4 in setting up three instead of six years in bar of recovery on the stated account declared on in the second count, was subject to the demurrer.

By introducing the plaintiff's account in evidence in his own behalf the defendant waived objection to its introduction by the plaintiff.

The giving of a check by defendant' to the plaintiff was admitted, and the entry made by defendant on the stub of the check, of the purpose for which it was given was but the defendant's secret declaration and as such was not evidence against the plaintiff. The stub was properly excluded from the evidence and the defendant was not injured by its being detached from his deposition.

Besides items for groceries and other goods, the account sued on and introduced in evidence included charges for whiskey the items of which ranged from 5 cents to $2. The quantity of whiskey was not stated in every item and it is not shown on the face of the account that at any time the quantity sold was less than one quart. The only liquor license produced by the plaintiff was one granted to her husband which was excluded by the court. For the defendant it is insisted that without production of a proper license no right of recovery was shown and the general charge requested by the defendant should have been given. Section 3522

of the Code provides that "No person must obtain a judgment in any court in this State upon any account any item of which is for vinous or spirituous liquors in less quantities than one quart, without producing to the court a license showing his authority to retail at the date of such item."

In *Rasberry v. Pulliam*, 78 Ala. 191, it was said of this statute that it "gives the defendant matter of defense which he may waive if he chooses." The court further said that "when the suit is on a note not disclosing the consideration the defense must be made by special plea, and without such special plea is considered as waived." Whether when the suit is on an account the defendant's failure to plead the defense specially will waive it we need not now decide. Defensive matter need never be shown by the plaintiff, either in pleading or proof in order to make out a *prima facie* case, and unless the defensive facts appear from some source by uncontradicted and direct evidence the court will not assume their existence by charging affirmatively for the defendant. Those facts did not so appear in this case.

Other than the price charged for items of whiskey included in plaintiff's account, the record contains no evidence that the whiskey sold was at retail except from the defendant's statement in testimony that he bought some drinks and had them charged to himself. Whether those drinks entered into this account he does not state. From such testimony it is only by uncertain inference that the conclusion can be reached that the whiskey in question was sold in quantities of less than one quart, and to draw such inferences was not within the province of the court.—*Baker v. Troy Compress Co.*, 114 Ala. 415; *Cole v. Propst*, 119 Ala. 99.

What we have said on the effect of plaintiff's coverture disposes of charge 2.

As to a few goods bought on his own account the defendant did not by evidence deny his indebtedness. For their value, the plaintiff might have had a verdict though the weight of evidence had not been in his favor on the contested issue as to whether the defendant was chargeable with the remainder of the goods which were

furnished to his tenant. For that reason charge 4 was incorrect in directing a verdict for defendant on the whole case on the hypothesis stated in that charge.

Charge 6 was properly refused. Besides items for whiskey the account contained charges for other goods most of which were disputed on the trial. Evidence to determine which charges were improper and so to separate them from those which were proper might have been furnished as well by the defendant as by the plaintiff. For that purpose it was proper to consider the whole evidence.

There was no issue made involving the statute of frauds or which would otherwise have warranted the giving of charge 7. The statute of frauds to furnish a defense must be specially pleaded.—*Lagerfelt v. McKie,* 100 Ala. 430.

We find nothing in the record for which a new trial should have been awarded.

Affirmed.