## LOCAL TRADEMARKS, Inc., v. POWERS et al.

### No. 3290.

District Court, E. D. Pennsylvania.

May 23, 1944.

Harry Fischer and Illoway & Fischer, all of Philadelphia, Pa., for plaintiff.

Joseph Singer, of Philadelphia, Pa., for defendants.

GANEY, District Judge.

This is a motion to dismiss a bill of complaint alleging among other grounds that the complainant is a mere licensee and has no right to maintain the action in its name.

The Lindsay and Brewster, Inc., of the State of New York secured a copyright in accordance with the Act of March 4, 1909, amended March 2, 1913, 17 U.S.C.A. § 1 et seq., giving it the exclusive right and privilege in and to a certain literary

752

work, to wit: the "Miss Flora" series of newspaper advertisements, which literary work was created and published by Lindsay and Brewster, Inc. On or about December 15, 1938, Lindsay and Brewster, Inc., assigned and transferred its right, title and interest to the aforementioned copyright to Deward & Rich, Inc., a New York corporation, by a written assignment, duly recorded. On or about December 6, 1939, Deward & Rich, Inc., assignee as aforesaid, entered into an agreement with the complainant, Local Trademarks, Inc., whereunder the complainant was granted the exclusive right to use ten advertising campaigns among which was the "Miss Flora" series, upon certain conditions: (1) That the Local should pay to Deward Four Hundred Dollars ($400) for such exclusive right by paying five per cent (5%) of the net cash collected by it from the sale to its customers until the complainant should have paid Four Hundred Dollars ($400); and (2) when and if the Local paid to Deward the full sum of Four Hundred Dollars ($400) the Local should then acquire the full title to the said advertising campaign. The complainant entered into an agreement with William Didden for the use of the "Miss Flora" series for one year or fifty-two weeks at the price of One Dollar ($1) per mat; at the expiration of the contract the said William Didden died and the defendants, George Didden and Christina F. Powers, who qualified as executor and executrix of his estate, continued to use the mats of the copyrighted "Miss Flora" series without renewing the contract with the complainant and without making any payment therefor. The bill prays that the defendants be enjoined from publishing any of the copyrighted material and that they be required to pay such damages as has been sustained by the defendants and a reasonable attorney's fee.

In pressing its motion to dismiss, counsel for the defendants contends among other grounds that at most a mere license was granted by Deward & Rich, Inc., to the complainant and while an exclusive right is mentioned in the agreement that the complainant is not to acquire full title to the coypright until a certain condition is met, to wit, the payment of Four Hundred Dollars ($400) to Deward & Rich, Inc., and that in the bill of complaint no averment is made that such condition is complied with.

I think the motion of the defendants is well taken and the bill should be dismissed. It can no longer be doubted that a license under a copyright is the same as under a patent insofar. as it concerns the right to sue, Waterman v. Mackenzie, 138 U.S. 252, 255, 11 S.Ct. 334, 34 L.Ed. 923, or as stated in Eliot v. Geare-Marston, Inc., D.C., 30 F.Supp. 301, 306, "The inability of a licensee to sue for an infringement is no longer an arguable question." Whether a transfer is an assignment or a license depends upon the legal effect of its provisions. Waterman v. Mackenzie, supra. An assignment is a completed transfer of the whole thing granted as, where a grant gives to the defendant the exclusive right to make, use and vend two patented machines within a certain district and which excludes all other persons, even the patentee from using and vending like machines, the transfer is an assignment and the grantee has the right to sue in his own. name for an infringement in the same district. Wilson v. Rousseau, 45 U.S. 646, 11 L.Ed. 1141. Here, however, there is a condition subsequent attached to the granting of the exclusive right, to wit, that the full title shall be acquired upon the payment of Four Hundred Dollars ($400).

It seems to me patent from a reading of the agreement with Deward & Rich, Inc., that before the complainant could acquire a full title to the copyright, it was necessary for it to make payment of the full amount of Four Hundred Dollars ($400) to Deward & Rich, Inc., and since there is no such averment in the bill of complaint that the status of the complainant is that of a mere licensee.

Accordingly, it is necessary that the complainant join the grantor of the license, Deward & Rich, Inc., in order that a suit may be properly brought under the Act of March 4, 1909, since the maintenance of this action alone would oust the court of jurisdiction for not being the owner of the copyright and being a mere licensee, the jurisdiction of the Court would have to depend upon the diversity of citizenship and this is not shown by the bill of complaint. Albright v. Teas, 106 U.S. 613, 1 S.Ct. 550, 27 L.Ed. 295; Independent Wireless Telegraph Co. v. Radio Corporation of America, 269 U.S. 459, 467, 46 S.Ct. 166, 70 L.Ed. 357.

The motion to dismiss is granted.