**LOCAL TRADEMARKS, Inc. v. ROGERS et al.**

No. 490.

District Court, N. D. Alabama, W. D.

Oct. 10, 1947.

Frank J. Dishuck, of Dishuck & Dishuck, all of Tuscaloosa, Ala., for plaintiff.

H. A. Rosenfeld, of Foster, Rice, Madison & Rosenfeld, and C. W. Gross, all of Tuscaloosa, Ala., for defendant.

MULLINS, District Judge.

This cause coming on for hearing on the motion of the defendants for summary judgment in favor of the defendants and the motions of the defendants to dismiss the action; same having been heard upon oral arguments by the attorneys for the plaintiff and the attorneys for the defendant, and having been considered and understood.

The court is of the opinion that insofar as this action seeks to recover damages for infringement of copyright under section 101, Title 17, U.S.C.A., it is barred by the statute of limitations of Alabama of one year. Title 7, section 26, Code of Alabama 1940, includes among those actions that must be commenced within one year "actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated." Plaintiff contends that the action for damages for infringement is "specifically enumerated" in section 21, Title 7, Code of Alabama 1940, which includes among those actions which must be commenced within six years "actions for the detention or conversion of personal property." By the terms of section 26 quoted, plaintiff cannot avail itself of the longer period of limitation of section 21 unless the action for infringement is "specifically enumerated" therein. Whatever analogy an action for infringement under section 101, Title 17, U.S.C.A., may have to any action for conversion, if it is not, in fact, an action for conversion, it must fall within the one year limitation. The remedy established by section 101, Title 17, U.S.C.A., is sui generis and does not follow the pattern of an action for conversion. For example, the damages prescribed by the copyright infringement section, which is the basis of this suit, are not the damages normally recovered in an action for conversion. Under the Alabama law the measure of damages in an action for conversion is ordinarily the value of property at time of conversion, with interest. Granade v. United States Lumber & Cotton Co., 1932, 224 Ala. 185, 139 So. 409. This is generally true in actions for conversion, e. g., Kapsemalis v. Taylor, 10 Cir., 112 F. 2d 406. The copyright infringement section relied upon does not provide such a measure of damages under any circumstances. Under the Alabama law a judgment in an action for conversion, when satisfied, transfers title to the property converted. Griel v. Pollak, 1894, 105 Ala. 249, 16 So. 704. This appears to be the universal rule in an action for conversion. The Falcon, 1873, 86 U.S. 75, 19 Wall. 75, 22 L.Ed. 98; Third Nat. Bank v. Rice, 8 Cir., 1908, 161 F. 822, 23 L.R.A.,N.S., 1167, 15 Ann.Cas. 450. Un-

der the copyright law satisfaction of a judgment for infringement could not obtain such a result, because section 28 of Title 17, U.S.C.A., provides that copyright may be transferred only by limited means, and it has been held that judicial process cannot effect such a transfer. Stephens v. Cady, 55 U.S. 528, 14 How. 528, 14 L.Ed. 528. Further, the copyright law does not permit an action for damages for infringement to be brought by any party other than the copyright proprietor. Local Trademarks v. Powers, D.C.Pa.1944, 56 F.Supp. 751. Under the law of conversion a person other than the owner of the property who is in lawful possession of the property, such as a bailee, may maintain an action for conversion. Baker v. Troy Compress Co., 114 Ala. 415, 21 So. 496; Crescent News & Hotel Co. v. Hines, 1913, 7 Ala.App. 609, 61 So. 9. See McKee v. Gratz, 1922, 260 U.S. 127, 43 S.Ct. 16, 67 L.Ed. 167. In addition, an action for conversion will only lie where the thing converted is capable of such an exact description that the property converted can be identified, that is, tangible property or the tangible evidence of intangible property (such as securities or choses in action). Knox v. Moskins Stores, 241 Ala. 346, 2 So.2d 449. Of course, the wrong committed by infringement of a copyright is an invasion of the rights of the copyright owner to a certain form of idea and is neither tangible nor tangible evidence of intangible property. While in some particulars an action for conversion is analogous to the statutory action for infringement, it is clear that the action for infringement as such is not "specifically enumerated" in section 21, Title 7, Code of Alabama 1940, the six year statute of limitation, and, further, that the infringement section of the United States Code is itself not so framed or designed as to constitute it, in fact, an action for conversion. Infringement of a copyright is merely a wrongful interference with a statutory right of the copyright proprietor, and will not support an action for trover and conversion. Clay County Abstract Co. v. McKay, 1933, 226 Ala. 394, 147 So. 407. A suit for infringement under section 101(b), Title 17, U.S.C.A., is a mere claim for damages. Cf. Knox v. Moskins Stores, supra.

It is possible that the averments of the complaint in this action would support a judgment for the reasonable value of the use of plaintiff's registered copyright, the action not being on the theory of infringement but being on the theory that plaintiff could recover the reasonable value of the use of its copyright upon an implied agreement by the defendant to pay such reasonable value. However, the plaintiff disclaims any intention to recover on such a quasi-contractual theory and has elected to rely exclusively upon the remedy afforded by section 101, Title 17, U.S.C.A.

Therefore, the court is of the opinion that insofar as the complaint seeks recovery for damages, that the motions of the defendants to dismiss and the motion of the defendants for summary judgment should be granted, as the action is barred by the one year statute of limitations of Alabama and the State statute of limitations applies to actions for copyright infringement. Mc-Caleb v. Fox Film Corp., 5 Cir., 1924, 299 F. 48.

As to the prayer of the plaintiff that the defendants be required to deliver for destruction all infringing copies and all plates, molds, matrices and other matter for making such infringing copies, the motion for summary judgment of the defendants must be granted, because it appears from the affidavits submitted by defendants upon their motion for summary judgment, without contradiction by the plaintiff either in the complaint or by affidavits submitted in opposition to the motion for summary judgment, that all such matter was completely destroyed prior to the institution of this action.

The plaintiff being advised of the court's ruling with respect to its prayer for damages, and its prayer for destruction of infringing copies, etc., stated that it did not insist upon its prayer for injunction against future infringement, and did not object to the granting of defendants' motion for summary judgment with respect to such prayer for injunction.

It is, therefore, ordered, adjudged, and decreed by the court that the motions of the defendants to dismiss the action and the motion of the defendants for summary judg-

ment be and they are hereby granted, and the complaint herein is hereby dismissed, and judgment is hereby entered for defendants, and all costs accrued herein are hereby taxed against the plaintiff. No attorney's fee other than the attorney's docket fee will be assessed herein against either party herein.