## Palmer v. Lesne.

1. Where a declaration is filed against two, and leave is given to the plaintiff, to amend by striking out the name of one, the amendment need not be made in fact; the granting of leave will operate to complete it.

2. An insufficient writ, or one which is variant from the declaration, can't be reached by a demurrer, or on error.

3. *Semble;* to authorise the Court to adjudge that the discontinuance of a suit as to one of several joint defendants, where the case does not come within the act of 1818, is a discontinuance of the action, it is not enough that the objection to the discontinuance is shown by the writ alone.

4. A Court may, in the exercise of its discretion, award a new trial, but it cannot order a non-suit, or discontinuance, upon the ground that the declaration is variant from the writ, where the variance is not regularly brought to its view by the pleading.

THE plaintiff in error declared against the defendant and

Frederick Ravesies, in the County Court of Mobile, upon their joint promises to pay him money, due for the hire of his servants; and also, for work and labor done for them by his servants, at their joint request. It appears from the record, that the writ was executed on Lesne only, and returned, "not found," as to Ravesies.

It does not appear that either of the parties declared against, pleaded; but at the trial term, an entry was made as follows : "This day came the parties by their attornies, and this cause is discontinued by plaintiff as to Frederick Ravesies, and the plaintiff's attorney having leave to amend his declaration by striking out the name of F. Ravisies, so as to declare upon the several promises and undertakings of said Lesne; and thereupon came a jury of good and lawful men, to wit: Mark A. Ward and others, who upon their oaths do say, "We, of the jury, find for the plaintiff, and assess the damages at three hundred and sixteen dollars and 24 cents. It is, therefore, considered by the Court, that the plaintiff recover from the defendant, James Lesne, the sum of three hundred and sixteen dollars and twenty-four cents, for his damages by the jury, in form aforesaid assessed; also, his costs by him about his suit, in this behalf expended." Afterwards, on a day of the same term, the Court made an order in these words: "On motion of defendant's counsel, it is ordered, that the verdict in this case be set aside, and a non-suit be entered against plaintiff. It is, therefore, considered that plaintiff pay costs, for which execution may issue."

To revise the order setting aside the verdict, and directing a non-suit, and the payment of costs, the plaintiff has prosecuted his writ of error to this Court.

LESSESNE, for the plaintiff.
STEWART, for the defendant.

COLLIER, C. J.—The leave granted by the County Court to the plaintiff, to amend his declaration, was special, and pointed out the particulars in which the amendment was to be made. It did not require a new declaration to be filed, but merely that the name of Ravesies should be stricken out of the one on file, so that it allege the promises and undertakings, the non-per-

Palmer *v.* Lesne.

formance of which are complained of, as those of Lesne individually. Such an order to amend, is unlike a permission to amend generally, by filing a new declaration, or adding a distinct count; while the latter would require the amendment to be made in point of fact, the former considers the leave granted as operating in itself to complete it.

We must then, consider the plaintiff as declaring upon promises made severally with the defendant, instead of charging a joint liability by Ravesies and Lesne. In this view of the case, the declaration is good, in showing a cause of action against the defendant alone, and must have been so adjudged on demurrer. It has been repeatedly held, that an insufficient writ, or one which is variant from the declaration, cannot be reached by demurrer, or on error; and this Court, in reviewing the action of the County Court, cannot look into the record farther than that Court should have done.

The defendant, however, could not have been prejudiced by the permission given to the plaintiff to amend; the amendment being considered as made, the declaration ceased to conform to the writ, and he should have pleaded the variance in abatement. This, according to the decisions of this Court from an early day, is the only manner in which the point could have been presented.

In all the cases in which it has been decided, that a discontinuance of a suit as to one of several joint defendants, where the case does not come within the act of 1818, is a discontinuance of the action, the objection was shown by the declaration. Kennedy v. Russell & Patton, Minor's Rep. 77; Thompson v. Saffold, et al. 2 Stew't Rep. 494; Tindall v. Collins, 2 Porter's Rep. 17. But in the present case, the leave to amend, perfected the declaration, and the writ alone showed that the plaintiff could not proceed.

It was within discretion of the County Court to set aside the verdict, and award a new trial, but beyond the just exercise of its powers to order a non-suit or discontinuance; because, as we have seen, the variance between the writ and declaration was not regularly presented. The consequence is, the judgment complained of, is erroneous, and must be reversed, and the cause remanded.