## RADEMAKER v. E. D. FLYNN EXPORT CO., Inc.

(Circuit Court of Appeals, Fifth Circuit. January 21, 1927.)

No. 4921.

1. **Parties ☞76(1)—Under Alabama statute, capacity in which one sues or is sued stands admitted, in absence of special plea (Code Ala. 1923, § 9470).**

Under Code Ala. 1923, § 9470, providing that, in action for injuries to person, the general issue is not guilty, and puts in issue all the material allegations of the complaint, the capacity in which one sues or is sued stands admitted, in the absence of a special plea.

2. **Torts ☞26(2)—Plea of general issue in tort action denies only wrong alleged (Code Ala. 1923, § 9470).**

Under Code Ala. 1923, § 9470, plea of general issue in tort action denies only the wrong and the injury alleged in the complaint.

3. **Appeal and error ☞717—Trial court's opinion cannot take place of bill of exceptions, but may be examined to ascertain grounds for rulings.**

Opinion of trial court cannot take the place of a bill of exceptions, but may properly be examined by the appellate court for the purpose of ascertaining the grounds on which rulings in the course of a trial were made and judgment entered.

4. **Appeal and error ☞717—In seaman's action for injuries, trial court's opinion held properly considered, to determine ground for ruling denying recovery against particular defendant and correctness of ruling properly before court.**

In action at law to recover for personal injuries to seaman, where recovery against a part owner, who was asserting defense of limitations, was denied to plaintiff, held, on writ of error by plaintiff, where question of sufficiency of proof against such defendant was not reviewable, because evidence was not brought up by bill of exceptions, trial court's opinion, though not permitted to take the place of a bill of exception, could be examined to determine on what ground recovery was denied, and, on its appearing therefrom that defense of limitations had been sustained, such question was properly presented for review, as against contention that denial of recovery might have been based on question of sufficiency of proof, which was not reviewable in absence of evidence.

5. **Limitation of actions ☞124—In seaman's action for injuries, application for leave to file amendment of complaint joining additional defendant held equivalent to actual amendment, and defense of limitations not meritorious (Merchant Marine Act, § 33 [Comp. St. § 8337a]; Employers' Liability Act, § 6 [Comp. St. § 8662]).**

In seaman's action under Merchant Marine Act, § 33, 41 St. 1007 (Comp. St. § 8337a), to recover for personal injuries, plaintiff's application for leave to amend original complaint, so as to join another part owner of vessel on which he was injured as party defendant, which was filed within two years after date of injury, held equivalent to an actual amendment and defense of two-year statute of limitations under Employers' Liability Act, § 6 (Comp. St. § 8662), adopted by Merchant Marine Act, as amended, was not available to defendant so joined, though actual amendment of complaint was not made until after two years from date of injury.

6. **Master and servant ☞253½—Employers' Liability Act is limitation on right of action, not on remedy only (Employers' Liability Act, § 6 [Comp. St. § 8662]).**

Employers' Liability Act, § 6 (Comp. St. § 8662), is a limitation on the right of action, and not on the remedy only, as affects waiver by a defendant.

In Error to the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

Action by John Rademaker against the Whitney & Bodden Shipping Company, in which plaintiff by amended complaint joined the E. D. Flynn Export Company, Inc., as a party defendant. Judgment for plaintiff against the first-named defendant only, and he brings error. Judgment reversed, and cause remanded.

Alex T. Howard and Gregory L. Smith, both of Mobile, Ala., for plaintiff in error.

Palmer Pillans and Alexis T. Gresham, both of Mobile, Ala. (Pillans, Cowley & Gresham, of Mobile, Ala., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. John Rademaker, plaintiff, brought an action at law, under section 33 of the Merchant Marine Act of 1920, 41 Stat. 1007 (Comp. St. § 8337a), to recover damages for a personal injury sustained by him while he was employed as a seaman on the American schooner Resolute. The complaint alleges that the injury was caused by the negligence of the schooner's mate in the giving of an order which plaintiff was in duty bound to obey. It was originally brought only against the Whitney &

Bodden Shipping Company as owner of the schooner; but on May 27, 1925, within two years from the date of injury, plaintiff filed the following application:

"Comes the plaintiff and shows that, at the time he signed the articles of the schooner Resolute, the defendant was the owner, and so shown upon the articles of said schooner for the voyage; that he now learns that whilst said vessel was on the high seas, and before the injury complained of, a large share, to wit, twenty-eight and one-half sixty-fourths interest (28½/64) of the ownership of said vessel was transferred to the E. D. Flynn Export Company, Inc., a corporation having its principal office and place of business at Mobile, within the division and district aforesaid. Wherefore plaintiff moves the court to be allowed to amend his complaint by adding thereto as a party defendant the said E. D. Flynn Export Company, Inc., a corporation as aforesaid, and that the clerk be directed to issue to said E. D. Flynn Export Company, and deliver to the marshal for service, proper process to duly make said corporation a defendant hereto."

On the same day the District Judge signed an order "that the plaintiff is allowed to amend his complaint, and make the said E. D. Flynn Export Company a party defendant," and process was issued and served on it. After the expiration of two years from the date of injury, plaintiff formally amended his complaint by incorporating in it the E. D. Flynn Export Company as a party defendant, and alleging its interest as a part owner of the schooner, in accordance with the averments of fact contained in his previous application for leave to amend, and that company, hereinafter called defendant, thereafter pleaded the general issue of not guilty, and also filed a number of special pleas to the merits, including a plea of the statute of limitations of two years prescribed by section 6 of the federal Employers' Liability Act (Comp. St. § 8662), and adopted by the Merchant Marine Act, as amended. Another special plea is to the effect that defendant, at the time of plaintiff's injury, was the owner of 57/128 interest in the Resolute, and was therefore entitled to the benefits of the limitation of liability allowed by section 4283 of the Revised Statutes (Comp. St. § 8021).

The jury returned a verdict against the Whitney & Bodden Shipping Company, and assessed damages at $1,100, but were instructed by the court, over the objection and exception of plaintiff, that they could not find a verdict against the E. D. Flynn Export Company. Judgment was entered up against the shipping company for 57/128 of the verdict, but the suit was dismissed as against the defendant export company, for the reason, as appears from a written opinion of the District Judge, that, as suit was not brought against that defendant within two years from the time the cause of action accrued, it was barred by the statute of limitations. The evidence has not been brought up by a bill of exceptions, and is therefore not before us.

Whether the trial court erred in ruling that the cause of action against defendant was barred is the question which plaintiff seeks to present on this writ of error. Defendant insists that, as the evidence is not before us, it is impossible to determine that the direction of a verdict in its favor was not justified by reason of a lack of proof sufficient to sustain plaintiff's cause of action against it; that the District Judge's opinion cannot take the place of a bill of exceptions, and hence that it is not made to appear that the statute of limitations, which was specially pleaded, formed the basis of the instruction for a verdict and of the judgment for defendant.

[1, 2] The act of negligence complained of was that of the mate of the schooner. Liability was asserted against both defendants, upon the doctrine of respondeat superior, merely because, as owners of the schooner, they were chargeable with the negligence of the mate. If for any reason one defendant was not liable, it would seem that for the same reason the other was not. That defendant was a part owner is admitted by a special plea. Section 9470, Code of Alabama, provides that, in actions for injuries to the person, the general issue is not guilty, and puts in issue all the material allegations of the complaint. But the capacity in which one sues or is sued stands admitted in the absence of a special plea. Under that section the general issue in a tort action only denies the wrong and injury alleged in the complaint. Louisville & N. R. Co. v. Trammell, 93 Ala. 350, 9 So. 870; Espalla v. Richard, 94 Ala. 159, 10 So. 137; Fourth National Bank v. Portsmouth Cotton Oil Refining Corp. (C. C. A.) 284 F. 718.

[3, 4] The opinion of the trial court cannot take the place of a bill of exceptions. Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478. But we think such opinion may properly be examined by an appellate court for the purpose of ascertaining the grounds on which rulings in the course of a trial were made, and judgment entered.

Gross v. U. S. Mortgage Co., 108 U. S. 477, 486, 2 S. Ct. 940, 27 L. Ed. 795; Adams County v. Burlington R. R. Co., 112 U. S. 123, 129, 5 S. Ct. 77, 28 L. Ed. 678; Virginian Ry. Co. v. United States (Dec. 13, 1926) 47 S. Ct. 222, 71 L. Ed. ——. In this case, the opinion of the District Judge conclusively shows that a verdict was directed and judgment entered for defendant upon the sole ground that plaintiff's cause of action was barred by statute, because defendant was not proceeded against within two years from the date of plaintiff's injury. In our opinion, the error assigned is sufficiently presented for review.

[5] Section 6 of the federal Employers' Liability Act provides that no action shall be maintained under it, unless it is begun within two years from the date the cause of action accrued, and is applicable to suits under the Merchant Marine Act. Panama R. R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 867. The limitation of that section is upon the right and not merely upon the remedy. Atlantic Coast Line R. R. Co. v. Burnette, 239 U. S. 199, 36 S. Ct. 75, 60 L. Ed. 226. It follows that, if plaintiff did not begin his action within two years from the time it accrued, the judgment of the court below was correct. But we are of opinion that the action was begun within the statutory period. Plaintiff's application was more than a mere motion for leave to amend. It was a complete amendment, when considered in the light of the original complaint.

Leave was not asked to change any averment of fact upon which liability was asserted, or the grounds upon which recovery was originally sought, but merely to make defendant a party because of its ownership of a stated interest in the schooner. In this state of the pleadings, process was issued and served upon defendant, before any right of action against it was barred. While there are cases to the contrary, we think the better rule, supported by the weight of authority, is that an application for leave to amend, as full and comprehensive as this one is in its averment of facts, stands in the place of an actual amendment. 31 Cyc. 387; Palmer v. Lesne, 3 Ala. 741; Carter v. Fischer, 127 Ala. 52, 28 So. 376; New York Central, etc., R. R. Co. v. Kinney, 260 U. S. 340, 43 S. Ct. 122, 67 L. Ed. 294.

[6] As the applicable statute is a limitation upon the right of action, and does not affect the remedy only, our conclusion is not influenced by the theory that it can be waived by a defendant after it begins to run, either

17 F.(2d)—2

by treating a motion to amend as sufficient, or by failing to insist upon a formal amendment.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.