Bessie G. BRADLEY, Cornelius Bradley, Ralph Daniel, Rose Daniel, Linda C. Floyd, Thomas B. Floyd, Brenda N. Foster, Lawrence E. Foster, Shirley F. Frazier, Billie Joe Frazier, Deborah Hardin, George Hardin, Dora Hardin, Freddie Hardin, Charles J. Harris, Jr., Madora Doris Harris, Selma M. Harris, Deloris M. Jackson, Estelle Moore, Barbara Palmer, Ella Singleton for William Singleton, Thomas E. White, Rachel White, et al., Plaintiffs,

v.

The ARMSTRONG RUBBER COMPANY, (Now Pirelli Armstrong Tire Corporation) and Condere Corporation, d/b/a Fidelity Tire and Manufacturing Company, Defendants.

No. Civ.A. 3:92CV371BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

April 23, 1999.

584

Edwin E. Kerstine, Edwin E. Kerstine, Attorney, Vicksburg, MS, for plaintiffs.

Robert H. Weaver, Watkins Ludlam Winter & Stennis, P.A., Jackson, MS, Michael T. Dawkins, Baker, Donelson, Bearman & Caldwell, Jackson, MS, Ernest G. Taylor, Jr., Ernest G. Taylor, Jr., Attorney, Jackson, MS, for defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion for Partial Summary Judgment filed by Defendant Pirelli Tire LLC ("Pirelli"), the successor by merger to The Armstrong Rubber Company ("Armstrong"). Having considered the Motion, Response, Rebuttal, supporting and opposing authority, and all attachments to each, the Court finds the motion is denied in part and granted in part.

### I. Factual Background and Procedural History

This case involves claims of ground and air contamination ("air particulate contamination") of properties in and around a tire plant which was operated by Armstrong until March 16, 1987, at which time Armstrong sold the plant to The Condere Corporation ("Condere"). On June 30, 1992, twenty landowner Plaintiffs filed a Complaint against Armstrong/Pirelli (collective-ly referred to as "Pirelli") and against Condere for particulate contamination of the properties in and around the tire plant. On December 18, 1992, Plaintiffs filed a Motion to Amend their Complaint to add seventeen additional landowner Plaintiffs. Or. December 22, 1992, Plaintiffs filed an Amended Motion to Amend the Complaint. This Motion was granted by order of this Court dated January 13, 1993. Attached to the signed Order was a copy of the proposed Amended Complaint. Shortly thereafter, Pirelli propounded discovery to the proposed new Plaintiffs. On September 14, 1993, Plaintiffs filed their Amended Complaint adding Plaintiffs to the lawsuit.

Pirelli filed the present Motion for Partial Summary Judgment arguing that the claims of these new Plaintiffs[1] are barred by the six-year statute of limitations which applies to Plaintiffs' claims and runs from the date of March 16, 1987, the date Armstrong conveyed the plant to Condere, until March 16, 1993. Plaintiffs' Amended Complaint was not filed until September 14, 1993, and, Pirelli contends that it is time-barred. Pirelli also argues that the claims of two of the added Plaintiffs, Clark Swayze and Estelle Moore Swayze, should be dismissed because the Swayzes purchased their residence in 1988 after Armstrong ceased operating the tire manufacturing facility.

Plaintiffs note that the Order of this Court allowing the amendment to the Complaint is dated January 13, 1993, well within the statute of limitations. In the alternative, Plaintiffs contend that the statute of limitations for the added Plaintiffs was tolled while a class action certification of plaintiffs in a related case, styled *Eddie Jackson, et al. vs. The Armstrong Rubber Company and Condere Corporation*, Civil Action No. J90–0129(B), was pending. Plaintiffs also contend that un-

---

**1.** In its Motion for Partial Summary Judgment, Pirelli incorrectly listed the names of the added Plaintiffs as the Plaintiffs who had been included in the original Complaint. Pirelli filed a Supplement to its Rebuttal Brief and a Motion to Amend its Motion for Partial Summary Judgment with the correct names of the additional Plaintiffs. The Court finds that the Motion to Amend is granted.

der Rule 15(c) of the Federal Rules of Civil Procedure, the new Plaintiffs' claims should "relate back" to those of the original Plaintiffs.

Pirelli replies that the statute of limitations was riot tolled during the pendency of class certification in the *Jackson* case because that case did not involve claims of particulate contamination and did not arise out of the same operative facts as the present case. Pirelli also replies that relation back is not appropriate under the facts of this case, and the new Plaintiffs should be dismissed.

## II. *Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.*

As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

## III. *Analysis*

A. Is the statute of limitations determined by the date of the Motion to Amend and Order allowing the amendment to the Complaint or the later date upon which the Amended Complaint was actually filed?

Pirelli asserts that the statute of limitations for the new Plaintiffs' claims expired on March 16, 1993. The initial question the Court must consider in this case is whether the Plaintiffs' filing of their Motion to Amend to add the new Plaintiffs, which occurred on December 18, 1992, well within the six year statute of limitations, and the subsequent Order granting the Motion to Amend, which was entered on January 13, 1993, also within the statute of limitations, tolled the limitations period for the new Plaintiffs. Federal cases addressing this issue counsel that the Motion to Amend and Order did toll the statute of limitations.

In *Rademaker v. E.D. Flynn Export Co.*, 17 F.2d 15 (5th Cir.1927), the seminal case addressing this issue, the plaintiff, a seaman who filed a personal injury action under the Merchant Marine Act, made a motion for leave to amend his complaint to add another party defendant. In the motion, the plaintiff identified the new defendant and explained the basis of liability for the new defendant. The plaintiff made the motion for leave to amend within the applicable two year statute of limitations. On the same day the motion was made, the court signed an order allowing plaintiff to amend his complaint and process was issued and served on the new defendant. However, plaintiff did not formally amend his complaint until the after the two year statute of limitation had expired.

The court held that despite the expiration of the statute of limitations, the amendment was valid. *Rademaker*, 17 F.2d at 17. The court noted that the plaintiff's application for leave to amend was more than a mere motion but was a complete amendment, when considered in the light of the original complaint. *Id.* at 17. The court stated,

> Leave was not asked to change any averment of fact upon which liability was asserted, or the grounds upon which recovery was originally sought, but merely to make defendant a party because of its ownership of a stated interest in the schooner. In this state of the pleadings, process was issued and served upon defendant, before any right of action against it was barred. While there are cases to the contrary, we think the better rule, supported by the weight of authority, is that an application for leave to amend, as full and comprehensive as this one is in its averment of facts, stands in the place of an actual amendment.

*Id.* (citing *Palmer v. Lesne*, 3 Ala. 741; *Carter v. Fischer*, 127 Ala. 52, 28 So. 376; *New York Cent. & H.R.R. Co. v. Kinney*, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294 (1922)).

Later federal courts addressing this issue have also held that the filing of a motion to amend a complaint to add additional parties, when accompanied by a copy of the proposed amended complaint, tolls the applicable statute of limitations. *See Moore v. State of Indiana*, 999 F.2d 1125, 1131 (7th Cir.1993); *Mayes v. AT & T Information Systems, Inc.*, 867 F.2d 1172, 1172 (8th Cir.1989); *Longo v. Pennsylvania Elec. Co.*, 618 F.Supp. 87, 89 (W.D.Pa. 1985), *aff'd*, 856 F.2d 183 (3d Cir.1988); *Eaton Corp. v. Appliance Valves Co.*, 634 F.Supp. 974, 982–83 (N.D.Ind.1984), *aff'd on other grounds*, 790 F.2d 874 (Fed.Cir. 1986); *Gloster v. Pennsylvania R.R. Co.*, 214 F.Supp. 207, 208 (W.D.Pa.1963). In the case of *In re Glacier Bay*, 746 F.Supp. 1379 (D.Alaska 1990), facing facts very similar to those of the present case, the federal district court in Alaska specifically held that where the plaintiffs had filed a motion for leave to amend their complaint to add additional plaintiffs with a proposed amended complaint within the statute of limitations, the statute of limitations was tolled as to those additional plaintiffs.

■ The Court notes that in this case, Plaintiffs filed their Motion for Leave to Amend and their Amended Motion to Amend within the six year statute of limitations for the new Plaintiffs' claims. The Court also notes that a copy of the proposed Amended Complaint was attached to the order granting the Motion for Leave to Amend.

■ The Motion for Leave to Amend and the Order granting leave tolled the statute of limitations on the added Plaintiffs' claims for a reasonable time. However, in this case, Plaintiffs waited eight months after receiving the Order granting them leave to amend their Complaint before they finally filed the Amended Complaint. Plaintiffs have offered no reason for their delay. The Court finds that this delay was not reasonable.

Regardless, it is clear that Pirelli was not prejudiced by the delay. Pirelli con-

ducted discovery and deposed the added Plaintiffs shortly after the order granting leave to amend was entered. Because Pirelli had notice of the added Defendants and was not prejudiced by Plaintiffs' delay in amending their Complaint, the Court finds that the claims of the added Plaintiffs are not barred by the statute of limitations. For this reason, the Court denies the Motion for Partial Summary Judgment on the grounds of the running of the statute of limitations[2], and the Court will not address Plaintiffs' argument that the added Plaintiffs' claims relate back under Rule 15 of the Federal Rules of Civil Procedure or the argument that the statute of limitations was tolled during the pendency of class certification in the *Jackson* case.

### B. Dismissal of Clark and Estelle Moore Swayze

Plaintiffs have set forth no evidence rebutting the claim of Pirelli that the Swayzes did not own their property at the time of the alleged damage by Armstrong[3]. The Court finds that the Swayzes' claims against Armstrong/Pirelli should be dismissed.

### IV. *Conclusion*

Because Plaintiffs filed their Motion to Amend and Amended Motion to Amend their Complaint to add the seventeen new Plaintiffs within the applicable statute of limitations, and because the Court entered an Order granting the Motion to Amend within the statute of limitations, the statute of limitations was tolled as to the new Plaintiffs' claims, and these Plaintiffs' claims shall not be dismissed based on the expiration of the statute of limitations. The claims of Clark and Estelle Moore Swayze against Pirelli are dismissed because the Swayzes did not own their property during the time that Armstrong operated the tire manufacturing facility.

IT IS THEREFORE ORDERED that the Motion to Amend the Motion for Partial Summary Judgment [169-1] filed by Pirelli is hereby granted.

IT IS FURTHER ORDERED that the Motion for Partial Summary Judgment [159-1] filed by Pirelli is denied in part and granted in part.

SO ORDERED.

2. In its Supplement to Rebuttal Brief, Pirelli argues in the alternative that if the Court determines that the beginning date for applying the statute of limitations is January 14, 1993, the date the Order was signed allowing the filing of the Amended Complaint, the Court should limit the Plaintiffs' recovery to damages suffered from January 15, 1987, to March 16, 1987. The Court presumes that Pirelli is arguing that any damages suffered by the additional Plaintiffs before January 15, 1987, are barred by the statute of limitations. The Court finds that Defendants have not set forth enough evidence for the Court to make such a determination at this time.

3. Plaintiffs argue that an affidavit attached to the Motion for Partial Summary is deficient "as a matter of law." The only Affidavit submitted by Pirelli is the Affidavit of Sherwood Willard, Vice President of Pirelli, who testifies that Armstrong sold the tire manufacturing facility to Condere on March 16, 1987. The Affidavit establishes that after the sale, neither Armstrong nor its successors operated the plant or discharged particulates. Plaintiffs have set forth no basis for their assertion that the Affidavit is deficient, and the Court finds no merit to this assertion.