# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-01309-SCT

*BETTY CURRY, ADMINISTRATRIX OF THE*
*ESTATE OF EVERETT CURRY, DECEASED, ON*
*BEHALF OF THE ESTATE OF EVERETT CURRY*
*AND ON BEHALF OF ALL WRONGFUL DEATH*
*BENEFICIARIES OF EVERETT CURRY*
*v.*

*TRENT TURNER, DENT TURNER AND MONEY*
*PILLAI d/b/a MIMS ONE STOP*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/10/2000 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RAYFORD G. CHAMBERS |
| | CHARLES VICTOR McTEER |
| | FREDERICK B. CLARK |
| ATTORNEYS FOR APPELLEES: | RICHARD T. LAWRENCE |
| | THOMAS Y. PAGE |
| | JEFFREY LEE CARSON |
| | MARC A. BIGGERS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 12/12/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**PITTMAN, CHIEF JUSTICE, FOR THE COURT:**

¶1.     The administratrix of a deceased's estate brought a wrongful death suit against the deceased's killer in the name of the estate and the deceased's beneficiaries in the Circuit Court of Leflore County.  Her motion to amend the complaint to name the owner of the convenience store owner where the deceased died as a defendant on a theory of premises liability and various family members of the killer on a theory

of negligent entrustment was granted. Later, the newly named defendants moved to dismiss suit on the grounds that the statute of limitations had run. The trial court granted the motion and entered final judgment in favor of the new defendants.

**FACTS**

¶2.     On December 13, 1995, Everett Curry was pumping gas into his car at Mims One Stop on U.S. Highway 82 in Carroll County, Mississippi, when two men drove up. One man, Paul Stewart, went inside to rob the store. The other, Hart Turner, waited outside. While Stewart was inside, Hart Turner forced Everett Curry to the ground and executed him by shooting him in the head.[1] Everett Curry's wife, acting as administratrix of his estate, brought a wrongful death suit against Hart Turner and Paul Stewart on behalf of the estate and Everett Curry's beneficiaries–herself and their two minor children–approximately six months later. On December 11, 1998, almost three years after Everett Curry's death, Curry filed a motion to amend the complaint to add Money Pillai, the owner of Mims One Stop, and Trent Turner, Dent Turner, and Ladonna Turner, family members of Hart Turner, as defendants under different theories of liability.[2] The trial court granted this motion on April 19, 1999. The circuit clerk neglected to send notice of the entry of the order to Curry, Hart Turner or Paul Stewart and the court file on this case was misplaced for some time. Seven months later, on November 19, 1999, Curry filed the amended complaint which named the new parties as defendants. Service of process was made on the new defendants within 120 days after the amended complaint was filed, and they each raised the defense that the statute of limitations had run and

_____

[1]Paul Stewart later confessed and Hart Turner was convicted of capital murder and now awaits execution by lethal injection. *See **Turner v. State***, 732 So. 2d 937 (Miss. 1999).

[2]Money Pillai (the owner of Mims One Stop), Trent Turner (Hart Turner's brother), and Dent Turner (Hart Turner's uncle) are hereinafter referred to collectively as "the new defendants." The entire group of plaintiffs will be referred to as "Curry." Where necessary, first names will be used to avoid confusion.

therefore precluded recovery.[3] The trial court conducted a hearing on the various motions to dismiss and dismissed the new defendants with prejudice because the statute of limitations had run. Aggrieved, Curry appeals this dismissal.

## DISCUSSION

I.     **WHETHER A MOTION FOR LEAVE TO AMEND A COMPLAINT WITH THE ATTACHED PROPOSED AMENDED COMPLAINT SERVED BEFORE THE EXPIRATION OF THE APPLICABLE STATUTE OF LIMITATIONS TOLLS THE LIMITATIONS PERIOD WHERE THE TRIAL COURT GRANTS THE SAID MOTION AFTER EXPIRATION OF THE LIMITATIONS PERIOD.**

II.     **WHETHER THE PLAINTIFF DEMONSTRATED "GOOD CAUSE" FOR SERVING AN AMENDED COMPLAINT MORE THAN 120 DAYS AFTER EXECUTION OF AN ORDER GRANTING LEAVE TO AMEND WHERE THE FILE MAINTAINED BY THE CIRCUIT CLERK WAS INEXPLICABLY LOST; THE CLERK FAILED TO SUBMIT A COPY OF THE EXECUTED ORDER TO THE PARTIES AS REQUIRED BY M.R.C.P. 77(D); AND, THE AMENDING PLAINTIFF SERVED THE AMENDED COMPLAINT WITHIN THIRTY (30) DAYS OF LEARNING THE ORDER GRANTING AMENDMENT WAS EXECUTED BY THE COURT.**

       **(WHETHER THE TRIAL COURT ERRED IN DISMISSING THE AMENDED COMPLAINT AS BARRED BY THE STATUTE OF LIMITATIONS)**

¶3. Curry seeks a ruling from this Court that a motion to amend, with the amended complaint attached to the motion, "tolls" the statute of limitations when the motion is made prior to the running of the limitations period. This is to be distinguished from the use of the "relation back" provision of M.R.C.P. 15(c) which allows for an amended complaint to be considered as filed on the date the original complaint was filed under

---

[3]Service of process was not made upon Ladonna Turner (Hart Turner's mother) and she is not a party in this appeal.

certain circumstances. Curry points to a handful of cases from federal courts in support of this language and asks this Court to follow their lead.

¶4.     The new defendants refer this Court to case law in Mississippi which is over one hundred years old. These cases obviously predate the adoption of the rules of civil procedure, but support their argument that an amended complaint is only effective when filed. Therefore, if an amended complaint is filed after the statute of limitations has run–regardless of when the motion to amend was made–the statute of limitations bars suits against newly named defendants. Each of these positions and the authority supporting them is examined below.

¶5.     Rule 15 of the Mississippi Rules of Civil Procedure governs the process of amending complaints and provides in relevant part:

> (a) **Amendments**. A party may amend his pleading as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty days after it is served. . . . Otherwise a party may amend his pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires. . . .
>                                    . . .
> (c) **Relation back of Amendments**. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by Rule 4(h) for service of the summons and complaint,* the party to be brought in by amendment:
>> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and
>> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. An amendment pursuant to Rule 9(h) is not an amendment changing the

4

party against whom a claim is asserted and such amendment relates back to the date of the original pleading.

M.R.C.P. 15(a), (c) (emphasis added). The italicized portion was added July 1, 1998.

¶6.     As stated above, Curry relies primarily upon federal law to support her position. In a case decided before the adoption of the Federal Rules of Civil Procedure, the Fifth Circuit reversed an Alabama district court which had dismissed a defendant on an amended complaint because the amended complaint was not filed before the statute of limitations period expired. ***Rademaker v. E.D. Flynn Exp. Co.***, 17 F.2d 15 (5th Cir. 1927). The plaintiff had filed suit against a company which had sold its interest in the schooner involved in the injury to the defendant without the plaintiff's knowledge. When the plaintiff learned of the mistake before the statute of limitations had run, he moved the district court for leave to amend the complaint to name the new owner as the defendant. ***Id.*** at 16. That same day, the district court granted the motion. However, the amended complaint was not formally filed with the court until after the statute of limitations had run. ***Id.*** The Fifth Circuit explained its reasoning for reversing the district court's dismissal as follows:

> Leave was not asked to change any averment of fact upon which liability was asserted, or the grounds upon which recovery was originally sought, but merely to make defendant a party because of its ownership of a stated interest in the schooner. In this state of the pleadings, process was issued and served upon defendant, before any right of action against it was barred. While there are cases to the contrary, we think the better rule, supported by the weight of authority, is that an application for leave to amend, as full and comprehensive as this one is in its averment of facts, stands in the place of an actual amendment.

***Id.*** at 17 (citations omitted). ***Rademaker*** was relied upon by a Mississippi federal district court which held that the filing of a motion to amend and attaching the amended complaint before the statute of limitations had run "tolled the statute of limitations on the added Plaintiffs' claims for a reasonable time."

5

*Bradley v. Armstrong Rubber Co.*, 46 F. Supp. 2d 583, 586 (S.D. Miss. 1999). In denying the defendant's motion to dismiss on grounds that the statute of limitations had run against the new plaintiffs on the amended complaint, the district court held that an eight-month delay between the district court's granting the motion to amend the complaint and the ultimate filing of the amended complaint was unreasonable. *Id.* at 586. However, it found the defendant was not prejudiced by the delay because it conducted discovery and deposed the new plaintiffs shortly after the order granting the motion to amend. *Id.* at 586-87.

¶7.     The Eighth Circuit also relied upon *Rademaker* when it held that a motion to amend, coupled with an attached amended complaint, serves to "toll" the statute limitations when filed before the limitations period ends. *Mayes v. AT&T Info. Sys., Inc.*, 867 F.2d 1172 (8th Cir. 1989). We have also examined cases from federal district courts and various state courts regarding this matter.

¶8.     The new defendants' argument is based upon pre-Mississippi Rules of Civil Procedure cases decided by this Court. These cases stand for the general proposition that amended complaints filed after the statute of limitations had run will not withstand the bar of the statute of limitations. *See Potts v. Hines*, 57 Miss. 735 (1880); *Green v. Bd. of Tippah County Supervisors*, 58 Miss. 337 (1880); *Brown v. Goolsby*, 34 Miss. 437 (1857). The comment to Rule 15 helps put *Potts* and *Goolsby* in context:

> Prior to the Mississippi Rules of Civil Procedure, it was the law that amendments relate back to the date of the original pleading only when, generally, the amended bill stated no new cause of action and brought in no new parties.

M.R.C.P. 15 cmt. (citing *Potts* and *Goolsby*).

¶9.     It is noteworthy that Rule 15 makes no reference as to when the relation back provisions in subsection (c) begin to apply once an answer to the complaint has been filed. This Court has applied the relation back doctrine to a motion to amend the original complaint filed <u>after</u> the statute of limitations has

run.  *See Estes v. Starnes*, 732 So. 2d 251 (Miss. 1999); *Womble v. Singing River Hosp.*, 618 So. 2d 1252 (Miss. 1993); *Parker v. Miss. Game & Fish Comm'n*, 555 So. 2d 725 (Miss. 1989). However, this case concerns a motion to amend filed <u>before</u> the statute of limitations had run but not ruled upon until after the limitations period had elapsed.  The new defendants encourage this Court to apply the relation back doctrine to this situation as well.  In its order of dismissal, this is the route the trial court took. It specifically held that the filing of a motion to amend before the statute of limitations runs does not toll the limitations period.  It also held the new claims against the new defendants do not relate back to the filing of the original complaint.

¶10.     According to the first prong of the relation back test, in order to relate back "the claim or defense asserted in the amended pleading [must arise] out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  M.R.C.P. 15(c).  The original complaint named only Hart Turner and Paul Stewart as defendants and alleged they both negligently and intentionally caused the death of Everett Curry.  The claims against Dent, Trent, and Ladonna Turner involve a claim of negligent entrustment.  We are uncertain how long ago the asserted negligent act of entrusting the gun used by Hart Turner to kill Everett Curry was committed or whether that act arose out of the same conduct which killed Everett Curry.  We do, however, agree with the circuit judge that the claims the amended complaint brings against the new defendants do not relate back to the original filing of the complaint because the requirements of the second prong--notice and mistake--have not been met by Curry:

> An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:
> > (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and

7

> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.

M.R.C.P. 15(c). The requirements of these two subsections must be fulfilled before the statute of limitations has run or within 120 days of the filing of the original complaint. ***Brown v. Winn-Dixie Montgomery, Inc.***, 669 So. 2d 92, 94 (Miss. 1996) (citing ***Schiavone v. Fortune***, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)). Soon after the ***Winn-Dixie Montgomery, Inc.*** case, Rule 15(c) was changed to embody its holding.

¶11. The record does not show that Trent, Dent, and Ladonna Turner were provided any notice of the filing of the original complaint. Curry claims that she first learned she may have a cause of action against them after deposing Ladonna Turner on June 5, 1998. There is no indication in the record the Turners were served with the original complaint or the motion to amend with the amended complaint attached within 120 days after the statute of limitations elapsed. They have suffered no prejudice save the expiration of the time to file suit in the statute of limitations. Furthermore, Trent, Dent, and Ladonna Turner were not being substituted for fictitious parties in the original complaint. The trial court found these facts to be fatal to Curry's claims against them. The trial court's analysis is correct, and the amended complaint against Trent, Dent, and Ladonna Turner does not relate back to the original filing of the complaint under Rule 15(c). Since the amended complaint was filed after the statute of limitations ran against these defendants and does not relate back to the filing of the original complaint, the trial court was correct in dismissing these defendants.

¶12. The premises liability claim against Money Pillai is inextricably entwined with Everett Curry's murder on the premises of Mims One Stop. He therefore passes the first prong of the relation back doctrine. However, the record does not indicate that he was made aware of the filing of the original complaint. Nor does the record reflect he was provided a copy of the motion to amend with the amended complaint attached within 120 days after the statute of limitations ran. Pillai was not named as a fictitious party on the original complaint nor was his identity confused with Paul Stewart or Hart Turner. Instead, it seems that Curry was merely tardy in discovering identity of the owner of Mims One Stop (a/k/a Pillai Grocery) or filing the amended complaint naming Pillai as a defendant. Pillai has suffered no prejudice save the expiration of the time allowed to bring suit against him under the statute of limitations. The trial court found these facts insufficient for the amended complaint to relate back to the filing of the original complaint. We agree that the second prong of the relation back doctrine has not been satisfied as to Pillai either. Since the amended complaint was filed after the statute of limitations ran against him, the trial court was correct in dismissing the suit against him.

¶13. After examining the submitted authority, we conclude that the trial court correctly used the relation back doctrine found in Rule 15(c). The motion to amend does not "toll" the statute of limitations until the trial court rules on the motion. The new defendants were provided no notice of this suit nor was there any mistake as to their identity during the statute of limitations or 120 days after the statute of limitations ran. It is conceivable that the first notice they had that a complaint was filed against them was when they were served in late November and early December of 1999, eleven months after the statute of limitations expired. Therefore, the trial court's ruling is affirmed.

¶14. As we have reached this conclusion with regard to the first issue, the second need not be addressed.

9

**III.     WHETHER THE MINOR'S SAVINGS CLAUSE OF MISS. CODE ANN. § 15-1-59 TOLLS THE APPLICABLE STATUTE OF LIMITATIONS NOTWITHSTANDING THE PRESENCE OF A WRONGFUL DEATH BENEFICIARY NOT UNDER A DISABILITY.**

¶15.    Curry also argues that notwithstanding whether the statute of limitations is tolled upon the filing of the motion to amend, the statute of limitations is presently tolling as to Everett Curry's minor children as beneficiaries of his estate. She cites Miss. Code Ann. § 15-1-59 (1995) in support of her argument. The new defendants counter that this section only applies where the minors have no one to protect their rights. They submit that Betty Curry, Everett Curry's wife and administratrix of his estate, is a responsible party acting on behalf of Everett Curry's minor children and the statute of limitations therefore runs against them collectively. The trial court found this reasoning persuasive when it dismissed the new defendants.

¶16.    Section 15-1-59 provides:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

Miss. Code Ann. § 15-1-59 (1995). This Court has twice considered whether § 15-1-59 applies to minor children in wrongful death suits. *See Thiroux v. Austin*, 749 So. 2d 1040 (Miss. 1999); *Arender v. Smith County Hosp.*, 431 So. 2d 491 (Miss. 1983).[4] Each case is discussed below.

---

[4]We have also discussed whether this statute applies to claims brought under the Mississippi Tort Claims Act, *see Hays v. Lafayette County Sch. Dist.*, 759 So. 2d 1144 (Miss. 1999); *Marcum v. Hancock County Sch. Dist.*, 741 So. 2d 234 (Miss. 1999), claims brought pursuant to our post conviction relief act, *see Cole v. State*, 608 So. 2d 1313 (Miss. 1992), claims brought under our uniform reciprocal enforcement of child support act, *see Vice v. Dep't of Hum. Servs.*, 702 So. 2d 397 (Miss. 1997), and negligence actions (*See, e.g., Taylor v. Gen. Motors Corp.*, 717 So. 2d 747 (Miss. 1998).

¶17.    In *Arender*, the husband of a deceased filed a wrongful death suit on his own behalf and on behalf of their two minor children over six years after her death. 431 So. 2d at 492. The trial court dismissed the case with prejudice as the six year statute of limitations period had elapsed. *Id.* This Court affirmed the dismissal as to all the plaintiffs. *Id.* at 494. The Court gave four reasons why § 15-1-59 did not apply to wrongful death cases:

> 1) § 15-1-59 restricted its own use to actions brought within Title 15 of the Mississippi Code,
>
> 2) the section of the Mississippi Code where actions for wrongful death are permitted did not contain its own independent savings clause,
>
> 3) the wrongful death statute allowed for only one cause of action to be brought, and
>
> 4) where one party to a joint action is of age when the action accrues, the statute runs against all.

*Id.* at 492-94. The court noted parenthetically, "[e]ven if there had been a savings in favor of the children, there being but a single cause of action, such savings would operate in their favor only when there was no person *in esse* who could sue on their behalf." *Id.* at 493. The Court found the children's father met this requirement. *Id.* at 494.

¶18.    This Court revisited this decision in *Thiroux v. Austin*, where the legal guardian of two minor children filed suit against their father's murderer. *Thiroux*, 794 So. 2d at 1041. The suit was filed over three years after the children's father died, and the trial judge dismissed the suit as barred by the three year statute of limitations. *Id.* This time, this Court reversed the dismissal, finding that one reason supporting the *Arender* decision was now absent, namely § 15-1-59 no longer restricted its own use to actions

11

brought under Title 15 of the Mississippi Code. *Id.*  This Court concluded that § 15-1-59 does indeed

apply to wrongful death suits but declined to overrule *Arender*.  *Id.*

¶19.    It stands to reason that the wrongful death statute's lack of a savings clause is also no longer a

viable excuse to preclude the use of § 15-1-59 by Everett Curry's minor children as the *Thiroux* court

found that the minors savings statute applied.  However, the *Thiroux* majority did not address the

significance of the wrongful death statute's requirement that there only be one suit for recovery.  Nor did

the majority address whether the children's guardian was a person *in esse*, allowing the statute of limitations

to run against him as representative of the minor children's interest.[5]  The wrongful death statute in question

reads in part:

> The action for such damages may be brought *in the name of the personal representative of the deceased person for the benefit of all persons entitled under the law to recover*, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, *or in the name of a child, or in the name of a child for the death of a parent*, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or *all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned*, but the determination of such suit shall not bar another action unless it be decided on its merits.

Miss. Code Ann. § 11-7-13 (Supp. 2002) (emphasis added).  The plain language of the wrongful death

statute § 11-7-13 sets it at odds with the minors savings statute § 15-1-59.  Conceivably, the minors

savings statute would allow for two groups of plaintiffs to file suits at two separate times for damages

caused by one event: 1) those plaintiffs of majority age and sound mind within the statute of limitations and

---

[5]The children's guardian in *Thiroux* did not meet the qualification of being a person *in esse* because, under the wrongful death statute, the guardian was not entitled to bring the suit.

2) those plaintiffs protected by the savings statute when their disability is removed or they reach the age of majority. This could result in a substantial period of time elapsing between the two suits. The wrongful death statute requires that only one suit be brought to recover damages for the wrongful death of the deceased. The nature of this conflict was recognized in *Arender*:

> The statute of limitations does not look to the character of the plaintiff, but to the nature of the action. This is not so as to a saving clause. It contemplates the person, and not the action. The claim to exemption is against the current of the law, and not co-extensive with its effective provisions.

*Arender*, 431 So. 2d at 494. The fact that the wrongful death statute has no separate savings provisions suddenly becomes relevant as § 15-1-59 proves an ill fit to the facts at hand. The fact that the Legislature has failed to change the requirement that one suit be brought for wrongful death in over fifteen years, but that it has changed § 15-1-59, indicates that it might be happy with the wrongful death statute as written. It would be improper for this Court to assume the role of the Legislature and change the requirement that only one suit be filed by exercise of judicial authority.

¶20. The wrongful death statute also provides that a suit can be brought in the name of the personal representative of the deceased on behalf of all, not just persons of majority age. All parties concerned are allowed to join this suit. The wrongful death statute assumes the minor children of a deceased will be represented by the deceased's personal representative or represented separately. They would still be required to join in the single action for damages and allowed to share in any award gained by another beneficiary. *Thiroux*'s analysis of this situation therefore calls for more guidance.

¶21. Betty Curry is not only the wife of the deceased, she is his personal representative as administratrix of his estate. The style of this case indicates that it was her intention to bring this suit on behalf of all his wrongful death beneficiaries. The original and proposed amended complaint seek damages for all

13

beneficiaries and not just for herself. The facts of *Arender* are closer to the facts in the instant case than those in *Thiroux*. We therefore conclude that the trial court's ruling that she represented the interests of their minor children, as the estate's administratrix and as their mother, for purposes of counting the statute of limitations against them, is affirmed. While this is a difficult conclusion, we are convinced the provisions in the wrongful death statute and the minors savings statute are at irreconcilable odds with one another where there exists a person qualified under the wrongful death statute to bring suit. This conclusion is reinforced by the wrongful death statute's requirement that one suit be brought for damages from wrongful death. A common sense reading of the wrongful death statute indicates the statute of limitations runs against both the personal representative of the deceased and the deceased's children. Since the amended complaint was filed after the statute of limitations had run, the children's claims, like the estate's and their mother's, are barred by the statute of limitations.

## CONCLUSION

¶22. For the reasons stated above, we hold the statute of limitations has operated to bar the causes of action brought by the estate of Everett Curry, his wife and minor children against the new defendants named in the amended complaint: Money Pillai, Trent Turner, Dent Turner, and Ladonna Turner. The trial court's judgment is affirmed.

¶23. **AFFIRMED.**

**SMITH, P.J., WALLER, COBB AND CARLSON, JJ., CONCUR. EASLEY, J., CONCURS IN PART. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J., AND GRAVES, J.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

14

¶24.    This is a case involving a wrongful death action in which we uphold the one lawsuit filing pursuant to Miss. Code Ann. § 11-7-13 (Supp. 2002).  While procedurally it may be appropriate to  dismiss the legal guardian's complaint for procedural mistakes made, however, we foreclose the protections and rights of the minors involved.  The minors, who are under the same disability of incompetence and are not able by law to control legal matters, should not be punished for the ineptitude or oversight of those charged with protecting their interests. Minors under our rules have two years to appeal. *Rule 4 (f) Mississippi Rules of Appellate Procedure*. Because an adult does not take action on a claim it should not preclude minors who have two years to file or amend an appeal.  Whose right should come first, an adult or a minor with the disability or incompetence?  The interests of one with a legal disability should always prevail.

¶25.    The motion to amend to include additional defendants in this case was granted.  Seven months later the legal guardian attempted to file the amended complaint. But the judge ruled that the statute of limitations had run and therefore dismissed it.  Looking to the reasoning behind M.R.A.P. 4(f) , we should, at a minimum, allow the minors in this case to proceed with the amended complaint.

¶26.    Rule 4 (f) states:

> In the case of parties under a disability of infancy or unsoundness of mind, the various periods of time for which provision is made in this rule and within which periods of time action must be taken shall not begin to run until the date on which the disability of any such party shall have been removed.  However, in cases where the appellant infant or person of unsound mind was a plaintiff or complainant, and in cases where such a person was a party defendant and there had been appointed for him or her a guardian ad litem, appeals to the Supreme Court shall be taken in the manner prescribed in this rule within two years of the entry of the judgment or order which would cause to commence the running of the 30 day time period for all other appellants as provided in this rule.

This Court has allowed a minor, one, by definition, under a legal disability, up to a two year extension of time in a wrongful death case.  *See **Parks v. Knight**, 491 So.2d 217 (Miss. 1986).  By analogy, we

15

should do the same here. The minors in this case should be allowed to proceed under the amended complaint. Their rights should not be foreclosed; the courthouse doors should not be slammed in their faces.

¶27. In *Thiroux*, the legal guardian filed a wrongful death action nearly three and a half years after the death of the minors' father. *Thiroux v. Austin*, 749 So.2d 1040, 1041 (Miss. 1999). There, we correctly held that the minor savings clause applies in wrongful death cases and allowed the minors to proceed. *Id.* We should allow the minors to pursue their interests in this case as well. *See id.* at 1043-44 (McRae, J., specially concurring) (citations omitted). As I noted in my special concurrence in *Thiroux*, *Arender v. Smith County Hosp.*, 431 So.2d 491 (Miss. 1983), should have been overruled to prevent future injustices to minors in wrongful death cases where a beneficiary not under a disability is present and allows the statute of limitations to run. *Thiroux*, 749 So.2d at 1043-44. Today, we are faced with that exact dilemma. Because we did not overrule *Arender*, the disability of the minors in this case, and their interests in this lawsuit, are being foreclosed.

¶28. In its order, the circuit court specifically recognized that *Thiroux* held that the minors savings clause tolls the statute of limitations in wrongful death cases. Yet since we have previously declined to overrule *Arender*, the circuit court and the majority are permitting the rights of the minors to be circumvented. The minors are being stripped of their constitutional right to due process of law; and their right to a remedy is being extinguished. *Id.* at 1042-43. The opportunity is here, yet again, to overrule *Arender*. Instead, the chance to protect the rights of minors and to guide litigants is shrugged off. Additionally, the majority overlooks the alternative measure available to the minors, M.R.A.P. 4(f), which gives the minors an additional two years in which to exercise their rights.

16

¶29.   Accordingly, I dissent.

**DIAZ, J., JOINS THIS OPINION.**

**DIAZ, JUSTICE, DISSENTING:**

¶30.   The majority finds that the minor's savings statute does not operate to toll the statute of limitations because the wrongful death statute allows only one suit per deceased. I disagree and respectfully dissent.

¶31.   I would find that the minors savings clause protects a minor's rights under the wrongful death statute regardless of whether a party who is not under a disability brings suit.

As pointed out by Justice McRae in his specially concurring opnion in *Thiroux v. Austin*, 740 So.2d 1040, 1042 (Miss. 1999), courts should act as the superior guardian for all persons under disability. (citing *Miss. State Bar Ass'n v. Moyo*, 525 So.2d 1289 (Miss. 1988)). A minor should be able to seek a remedy when he or she has the capacity to do so.

¶32.   Here, the administratrix of Everette Curry's estate brought suit on behalf of Everette's heirs, including his two minor children. The majority correctly states that we have yet to address the effect of the wrongful death statute's requirement that there be only one suit for recovery in a situation such as this.

¶33.   In *Thiroux*, suit was not brought on behalf of the minors until the statute of limitations had run. Here, the suit was brought, but certain defendants were not named in the complaint and the statute of limitations ran. Yes, a suit was brought and yes, the wrongful death statute says that there shall be only one suit. However, I cannot reconcile our law that courts act as superior guardians of children with this harsh result of cutting off these children's right to seek their own remedy. As we allowed the statute of limitation to be tolled in a case where no suit was brought for the benefit of the children, so should we allow the

17

statute of limitations to be tolled in a case where a suit was brought and mishandled. Allowing the statute of limitations to act as a bar in this case will produce the same result as it would have in *Thiroux*; it would eradicate the children's chance at obtaining a remedy while they have no choice, no ability to look after their own welfare. I believe we should continue down the same path we started in *Thiroux* and make the rights of minors, who are incapable of seeking their own remedy, more important than the convenience of the wrongful death defendant. Therefore, I would reverse and remand for further proceedings.

**McRAE, P.J. AND GRAVES, J., JOIN THIS OPINION.**